FILED

1    COOLEY GODWARD KRONISH LLP
     MICHELLE C. DOOLIN (179445)
2    mdoolin@cooley.com
     MAZDA K. ANTIA (214963)
3    mantia@cooley.com
     4401 Eastgate Mall
4    San Diego, CA  92121
     Telephone:  (858) 550-6000
5    Facsimile:   (858) 550-6420

6    Attorneys for Defendants
     FUZE BEVERAGE, LLC and LANCE COLLINS
7

8                   UNITED STATES DISTRICT COURT

9                  CENTRAL DISTRICT OF CALIFORNIA

10                       WESTERN DIVISION

11                   CV08-06474 RSWL FMOx

12   LAURA CEBALLOS, individually and      NOTICE OF REMOVAL OF
     on behalf of all others similarly     ACTION UNDER 28 U.S.C. §§
13   situated,                             1332, 1441, AND 1453

14                 Plaintiffs,

15         v.

16   FUZE BEVERAGE, LLC, a Delaware
     Limited Liability Company; LANCE
17   COLLINS, an individual; and DOES 1
     through 100, inclusive,
18
                   Defendants.
19

20

21

22

23

24

25

26

27

28

COOLEY GODWARD
KRONISH LLP
ATTORNEYS AT LAW
SAN DIEGO

                                           NOTICE OF REMOVAL
                                           CASE NO.

2008 OCT -1  PM 2: 24

CLERK U.S. DISTRICT COURT
CENTRAL DIST. OF CALIF.
LOS ANGELES

BY

1    **TO THE UNITED STATES DISTRICT COURT FOR THE CENTRAL**

2    **DISTRICT OF CALIFORNIA, AND TO THE CLERK OF THAT COURT:**

3        PLEASE TAKE NOTICE that Defendants FUZE Beverage, LLC ("FUZE")

4    and Lance Collins ("Collins") (collectively, "Defendants"), by and through their

5    counsel, hereby remove the above-captioned action from the Superior Court of the

6    State of California, County of Los Angeles, where the action is now pending, to the

7    United States District Court for the Central District of California, Western Division,

8    pursuant to 28 U.S.C. §§ 1332, 1441 and 1453. Defendants respectfully state as

9    follows:

10                **PROCEDURAL HISTORY AND TIMELINESS OF REMOVAL**

11        1.     On or about July 16, 2008, Laura Ceballos ("Plaintiff") commenced a

12    civil action in the Superior Court of the State of California, County of Los Angeles,

13    entitled *Laura Ceballos, Individually And On Behalf Of All Others Similarly*

14    *Situated v. Fuze Beverage, LLC, et al.*, Case No. BC394521 (the "Complaint").

15    True and correct copies of the Complaint, Civil Case Cover Sheet, Summons,

16    Notice of Complex Designation and Initial Status Conference Order served on

17    Defendant FUZE are attached hereto as Exhibit 1. True and correct copies of the

18    Complaint, Civil Case Cover Sheet, Summons, Notice of Complex Designation and

19    Initial Status Conference Order served on Defendant Collins are attached hereto as

20    Exhibit 2.

21        2.     The Complaint alleges violations of the Unfair Competition Law

22    ("UCL") (Cal. Bus. & Prof. Code § 17200, *et seq.*), False Advertising Statute (Cal.

23    Bus. & Prof. Code § 17500, *et seq.*), and Consumer Legal Remedies Act ("CLRA")

24    (Cal. Civ. Code § 1750, *et seq.*). (Complaint ¶ 1.)

25        3.     On September 2, 2008, Defendant FUZE was served with the

26    Summons and Complaint. On September 4, 2008, Defendant Collins was served

27    with the Summons and Complaint. No other process or pleadings have been filed

28    in this action.

1.

NOTICE OF REMOVAL
CASE NO.

1        4.    This Notice of Removal is timely because it has been filed within

2    thirty days of when Defendants were served with the summons and Complaint. *See*

3    28 U.S.C. § 1446(b).

4        5.    Defendants will serve written notice of this filing on Plaintiff, through

5    her counsel, as required by 28 U.S.C. § 1446(d).

6        **SUBJECT MATTER JURISDICTION**

7        6.    Removal to this Court is proper because this Court has original

8    subject-matter jurisdiction pursuant to the Class Action Fairness Act of 2005

9    ("CAFA"), codified in part at 28 U.S.C. §§ 1332(d) and 1453. CAFA provides for

10    subject-matter jurisdiction where (1) the proposed number of putative class

11    members is over 100; (2) at least one plaintiff and one defendant are citizens of

12    different states, and in some instances, the principal defendant is not a citizen of the

13    forum state; and (3) the amount in controversy, including but not limited to the

14    aggregate amount of relief sought by absent class members, exceeds $5 million. 28

15    U.S.C. § 1332(d)(2). As set forth below, this case meets all of the aforementioned

16    requirements.

17        **CLASS SIZE**

18        7.    Plaintiff seeks to certify a class defined as "[a]ll persons residing in the

19    State of California who purchased the FUZE Slenderize Drinks for personal use and

20    not for resale during the time period July 17, 2004 through the present." (Complaint

21    ¶ 26.)

22        8.    Plaintiff alleges that the class "comprises many thousands of persons

23    throughout the State of California." (Complaint ¶ 27.) Accordingly, the Complaint

24    alleges that the aggregate number of class members is greater than 100 for purposes

25    of satisfying 28 U.S.C. § 1332(d)(5)(B).

26        **DIVERSITY OF CITIZENSHIP**

27        9.    Plaintiff and Defendants are citizens of different states, and neither

28    Defendant is a citizen of the forum state.

COOLEY GODWARD
KRONISH LLP
ATTORNEYS AT LAW
SAN DIEGO

2.

NOTICE OF REMOVAL
CASE NO.

10.    Plaintiff is and at all relevant times was a citizen of California, residing in Los Angeles County. (Complaint ¶¶ 17, 19.)

11.    FUZE is a limited liability corporation organized under Delaware law, with its principal place of business in New Jersey. *See* Declaration of John Petrizzo ("Petrizzo Decl."), ¶ 2 (attached hereto as Exhibit 3). FUZE is wholly-owned by The Coca-Cola Company, which is incorporated in Delaware and maintains its principal place of business in Atlanta, Georgia. (*See id.* ¶ 3; *see also* Complaint ¶ 20); 28 U.S.C. 1332(c)(1)).

12.    Collins is a citizen of New Jersey. (Complaint ¶ 21).

13.    The citizenship of unnamed "Doe" defendants sued under fictitious names is disregarded for purposes of removal. 28 U.S.C. § 1441(a).

14.    Some of the class members are citizens of California and not citizens of the states in which Defendants are citizens, namely, Delaware, and New Jersey. Accordingly, minimum diversity is satisfied pursuant to 28 U.S.C. § 1332(d)(2)(A).

## AMOUNT IN CONTROVERSY

15.    The amount in controversy in this action exceeds $5 million in the aggregate.

16.    Plaintiff seeks to represent a class of California residents who purchased FUZE Slenderize Drinks from July 17, 2004 to July 16, 2008. (Complaint ¶ 26.) Plaintiff alleges that she and the members of the class she purports to represent each purchased an unspecified quantity of 16-ounce bottles of FUZE Slenderize Drinks that on average cost "approximately $2.00 per person." (*Id.* ¶¶ 15, 55.)

17.    Plaintiff claims that FUZE has "sold millions of units of the FUZE Slenderize Drinks...," which has made "millions of dollars for FUZE." (Complaint ¶¶ 14, 43.)

18.    Plaintiff generally seeks "restitution of the money wrongfully acquired by Defendants." (Complaint ¶ 54.) Plaintiff claims that she and the class members

COOLEY GODWARD
KRONISH LLP
ATTORNEYS AT LAW
SAN DIEGO

3.                                        NOTICE OF REMOVAL
                                          CASE NO.

1    "have suffered injury in fact and have lost money in the amount of approximately

2    $2.00 for each unit of the FUZE Slenderize Drinks…[t]he purchase price of the

3    FUZE Slenderize Drinks may vary depending on local sales practices and taxes."

4    (Complaint ¶ 55.)    The Complaint's Prayer for Relief prays for "restitution to

5    Plaintiff and all members of the Class under the First and Second Causes of action

6    only," "pre-judgment interest from the date of filing this suit," "[r]easonable

7    attorneys' fees," and "[c]osts of this suit." (Complaint, Prayer for Relief.)

8        19.    Without conceding the validity of Plaintiff's theories of damages (or,

9    of course, liability) – namely, that the putative class is entitled to monetary recovery

10    in this lawsuit measured by the amounts they paid at retail establishments for FUZE

11    Slenderize beverages over the course of the four years preceding the filing of the

12    complaint in this action (*i.e.*, the alleged class period) and/or the revenues received

13    by FUZE from the sale of such beverages over that period – either of those alleged

14    measures would significantly exceed, by millions of dollars, $5 million.    *See*

15    Petrizzo Decl. ¶ 5.

16        20.    Plaintiff also seeks injunctive relief, including the recall of FUZE

17    Slenderize drinks currently in circulation. (Complaint ¶ 74, Prayer for Relief.)    If

18    any such relief is entered in this action, FUZE's costs of compliance could be

19    substantial. *See Yeroushalami v. Blockbuster Inc.,* 2005 WL 2083008 at *3 n.4

20    (C.D. Cal. July 11, 2005) (holding that under CAFA, the amount put in controversy

21    includes defendants' potential cost of compliance with a request for injunctive

22    relief.); *see also Tompkins v. Basic Research LL,* 2008 WL 1808316 (E.D. Cal.

23    April 22, 2008) (including cost of proposed injunctive relief in calculating amount

24    in controversy).    Plaintiff also seeks attorneys' fees. (Complaint, Prayer for Relief.)

25    Plaintiff's request for attorneys' fees on behalf of the putative class should also be

26    considered in calculating the amount in controversy. *See Yeroushalami,* 2005 WL

27    2083008 at *5 (holding that under CAFA, the total amount of a potential fee award

28    – including portions of the award allocable to absent class members – should be

COOLEY GODWARD
KRONISH LLP
ATTORNEYS AT LAW
SAN DIEGO

4.

NOTICE OF REMOVAL
CASE NO.

considered in determining the amount in controversy); *Tompkins,* 2008 WL 1808316 at *4 ("amount in controversy includes a reasonable estimate of attorneys' fees likely to be incurred") (citations omitted).

**NOTICE TO THE SUPERIOR COURT OF LOS ANGELES COUNTY**

21.    Contemporaneously with the filing of this notice in the above-captioned court, and pursuant to 28 U.S.C. § 1446(d), Defendants are filing a true and correct copy of this Notice of Removal with the clerk of the Superior Court of Los Angeles County.

22.    Removal to this judicial district and division is proper under 28 U.S.C. § 1446(a) because they embrace the place where this action was originally pending, namely, the Los Angeles County Superior Court.

23.    Nothing herein constitutes a waiver of any of Defendants' rights, objections or defenses.

WHEREFORE, Defendants respectfully request that this action proceed in this Court.

Dated: October 1, 2008

Respectfully submitted,

COOLEY GODWARD KRONISH LLP
MICHELLE C. DOOLIN (179445)
MAZDA K. ANTIA (214963)

By: _Mazda K Antia_
    Mazda K. Antia (214963)

Attorneys for Defendants
FUZE BEVERAGE, LLC and LANCE COLLINS

605541/SD

COOLEY GODWARD
KRONISH LLP
ATTORNEYS AT LAW
SAN DIEGO

5.

# EXHIBIT 1

# SUMMONS
## (CITACION JUDICIAL)



CONFORMED COPY
OF ORIGINAL FILED
Los Angeles Superior Court

JUL 16 2008

John A. Clarke, Executive Officer/Clerk

By _____ Deputy
D.M. SWAIN

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*
FUZE BEVERAGE, LLC, a Delaware Limited Liability Company;
LANCE COLLINS, an individual; and DOES 1 through 100, inclusive.

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*
LAURA CEBALLOS, individually and on behalf of all others similarly situated

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.
There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association.

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.courtinfo.ca.gov/selfhelp/espanol), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.
Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.courtinfo.ca.gov/selfhelp/espanol) o poniéndose en contacto con la corte o el colegio de abogados locales.*

The name and address of the court is:
*(El nombre y dirección de la corte es):*
Superior Court of California, County of Los Angeles, Central District
Stanley Mosk Courthouse
111 N. Hill Street, Los Angeles, CA 90012-3014

CASE NUMBER: *(Número del Caso):* BC394521

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Wayne S. Kreger (SBN 154759)  MILSTEIN, ADELMAN & KREGER, LLP  (310) 396-9600
2800 Donald Douglas Loop N, Santa Monica, CA 90405

DATE: JUL 16 2008    Clerk, by _____, Deputy
*(Fecha)*    *(Secretario)*    *(Adjunto)*

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*
3. ☒ on behalf of *(specify):* Fuze Beverge, LLC, a Delaware Limited Liability Company
    under: ☒ CCP 416.10 (corporation)    ☐ CCP 416.60 (minor)
    ☐ CCP 416.20 (defunct corporation)    ☐ CCP 416.70 (conservatee)
    ☐ CCP 416.40 (association or partnership)    ☐ CCP 416.90 (authorized person)
    ☐ other *(specify):* Corporation Service Co
4. ☐ by personal delivery on *(date):*

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. January 1, 2004]
**SUMMONS**
Code of Civil Procedure §§ 412.20, 465

2 711 Centerville Rd
Suit 400
Wiln DE 19808

COPY

1
2
3
4
5
6
7

MILSTEIN, ADELMAN & KREGER, LLP
Wayne S. Kreger, State Bar No. 154759
wkreger@maklawyers.com
Peter J. Farnese, State Bar No. 251204
pfarnese@maklawyers.com
2800 Donald Douglas Loop North
Santa Monica, California 90405
Telephone: (310) 396-9600
Fax: (310) 396-9635

Attorneys for Plaintiff,
Laura Ceballos

CONFORMED COPY
OF ORIGINAL FILED
Los Angeles Superior Court

JUL 1 6 2008

John A. Clarke, Executive Officer/Clerk
By_____; Deputy
B.M. SWAIN

8
9

SUPERIOR COURT FOR THE STATE OF CALIFORNIA

FOR THE COUNTY OF LOS ANGELES

10
11
12
13
14
15
16
17
18
19

| | |
|---|---|
| LAURA CEBALLOS, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>FUZE BEVERAGE, LLC, a Delaware Limited Liability Company; LANCE COLLINS, an individual; and DOES 1 through 100, inclusive,<br><br>Defendants. | Case No.  BC394521<br><br>**CLASS ACTION COMPLAINT**<br><br>1. FALSE AND MISLEADING ADVERTISING IN VIOLATION OF BUSINESS AND PROFESSIONS CODE § 17200, *et seq.*<br>2. FALSE AND MISLEADING ADVERTISING IN VIOLATION OF BUSINESS AND PROFESSIONS CODE § 17500, *et seq.*<br>3. VIOLATION OF CALIFORNIA CIVIL CODE § 1750, *et seq.* (Consumer Legal Remedies Act)<br><br>**DEMAND FOR JURY TRIAL** |

20    Plaintiff Laura Ceballos ("Plaintiff"), individually and on behalf of all other similarly

21  situated purchasers of FUZE Healthy Infuzions Slenderize Beverages (the "Class"), brings this

22  complaint against FUZE Beverage, LLC ("FB"), Lance Collins ("Collins"), and Does 1 through 100,

23  inclusive (sometimes collectively referred to herein as "FUZE" or "Defendants") and allege as

24  follows:

25                                    **NATURE OF THE ACTION**

26    1.    This is a class action for restitution and injunctive relief against FUZE for false and

27  misleading advertising in violation of Business & Professions Code Section 17200, *et seq.*, Business

28  & Professions Code Section 17500, *et seq.* and Civil Code Section 1750, *et seq.* FUZE made and

1   continues to make false and misleading statements in their advertising of FUZE Healthy Infuzions

2   Slenderize Beverages.

3       2.      FB was founded in 2001 by Collins.  Collins formulated the first line of FUZE

4   beverages in the basement of his house.  Collins did-so without the benefit of any scientific

5   research, testing or knowledge, as Collins has no scientific and/or health background.  Indeed, by

6   his own public admission, Collins only first started "paying attention to" his own health shortly

7   before founding FB in 2001.

8       3.      Despite that, Collins, in an obvious effort to take advantage of consumers looking to

9   lose weight (and, in the process enter the $4 billion weight loss business), named FB's first line of

10  beverages "FUZE Healthy Infuzions Slenderize Beverages."

11      4.      As set forth in more detail below, publicly available scientific research and studies

12  demonstrate that the FUZE Health Infuzions Slenderize Beverages (the "FUZE Slenderize

13  Drinks") do not contain any ingredients, in the proper dosing amounts, that can assist consumers

14  with weight loss.

15      5.      Amazingly, Collins has publicly stated that the reason why he founded FUZE was

16  that, upon his review of the "healthy" beverage market, most companies marketed their products

17  through false and deceptive advertising.  And, according to Collins, he wanted to offer consumers

18  a "healthy" beverage that was not marketed in a false and deceptive manner.

19      6.      Unfortunately, given the slick marketing and advertising practices utilized by FUZE

20  since 2001, it is clear that Collins' statements are nothing more than "lip service."  Indeed, since its

21  inception, FUZE has engaged in the very same false and deceptive marketing practices that

22  Collins' publicly chastised.

23      7.      By way of example:

24          A.      In advertising its "FUZE Vitalize Blackberry Grape" beverage, FUZE has

25              claimed that it "helps reinforce resistance to colds, influenza & infections of

26              the kidneys, bladder and lungs."  That claim is false.

27

28

2

CLASS ACTION COMPLAINT

Milstein, Adelman &Kreger, LLP
2800 Donald Douglas Loop North
Santa Monica, California 90405

Milstein, Adelman &Kreger, LLP
2800 Donald Douglas Loop North
Santa Monica, California 90405

B.    In advertising its "FUZE Oolong Tea" beverage, FUZE has claimed that it can "[reduce the] risk of developing cardiovascular disease and certain cancers." That claim is false.

C.    In advertising its "FUZE Refresh" beverage, FUZE has claimed that it is "known to improve circulation and reduce the cholesterol level in the blood." That claim is false.

D.    In its advertising of the FUZE Slenderize Drinks, FUZE has claimed that, in a variety of contexts and iterations, those beverages can cause consumers to lose weight. Those claims are false.

8.    FUZE has no competent and reliable scientific evidence to support and/or substantiate those claims, or others that it has made about the FUZE Slenderize Drinks, in particular. Indeed, the publicly available scientific research demonstrates that FUZE's claims are entirely false and misleading.

9.    Recently, in an effort to further dupe consumers into believing that the FUZE Slenderize Drinks can cause and/or assist with weight loss (and in the process garner millions of dollars in ill-gotten profits), FUZE launched a marketing campaign called "Resolution Slenderize." The campaign was launched in or about December 2007, in an order to "push" the FUZE Slenderize Drinks through the very same false and misleading claims that FUZE has historically used to sell the FUZE Slenderize Drinks, during the prime "diet season."

10.    During "Resolution Slenderize," FUZE, by way of example, falsely claimed that the FUZE Slenderize Drinks:

A.    can suppress consumers' appetites;

B.    can increase consumers' energy;

C.    can enhance consumers' metabolism; and,

D.    has caused "Hollywood stars" to lose weight.

11.    Those claims, like the others made by FUZE, are nothing more than "healthy deception." FUZE does not have competent and reliable scientific evidence to substantiate those claims, or any others contained in their advertising. Indeed, upon information and belief, FUZE

3

1    does not possess any legitimate scientific information to support the claims made in their

2    advertising, including, without limitation, that the FUZE Slenderize Drinks can cause and/or assist

3    an individual in losing weight. In point of fact, the FUZE Slenderize Drinks do not provide any

4    health benefits to consumers.

5        12.    Some of FUZE's claims violate guidelines published and distributed by the United

6    States Federal Trade Commission (the "FTC") on dietary supplement advertising. As such, FUZE

7    has committed *per se* violations of <u>Business & Professions Code</u> Section 17200, *et seq.*, <u>Business</u>

8    <u>& Professions Code</u> Section 17500, *et seq.* and <u>Civil Code</u> Section 1750, *et seq.*

9        13.    The remaining claims misrepresent the effects and purported benefits of the FUZE

10    Slenderize Drinks. As such, FUZE has engaged in false and misleading advertising.

11        14.    During the course of this deception, FUZE has sold millions of units of the FUZE

12    Slenderize Drinks based upon FUZE's false promises. Plaintiff and the Class have suffered injury

13    in fact and have lost money as a result of FUZE's false representations.

14        15.    The purchase price of a single 16 ounce bottle of FUZE Slenderize Drinks may vary

15    depending on local sales practices and local city taxes; however, the average cost is approximately

16    $2.00 per bottle.

17    **JURISDICTION AND VENUE**

18        16.    This Court has jurisdiction over all causes of action asserted herein pursuant to the

19    California Constitution, Article VI, § 10, because this case is a cause not given by statute to other

20    trial courts. Plaintiff has standing to bring this action pursuant to <u>Business & Professions Code</u> §

21    17200, et seq.

22        17.    Venue is proper in this Court because Plaintiff resides in Los Angeles County and

23    purchased the FUZE Slenderize Drinks in Los Angeles County. FUZE receives substantial

24    compensation from sales in Los Angeles County, and FUZE made numerous misrepresentations

25    which had a substantial effect in Los Angeles County, including, but not limited to, radio,

26    magazine, newspaper and internet advertisements, and on the FUZE Slenderize Drinks label.

27        18.    FUZE and other out-of-state participants can be brought before this Court pursuant

28    to the provisions of <u>Code of Civil Procedure</u> § 395.5.

Milstein, Adelman &Kreger, LLP
2800 Donald Douglas Loop North
Santa Monica, California 90405

4
**CLASS ACTION COMPLAINT**

## PARTIES

19. Plaintiff is, and at all times relevant hereto was, an individual residing in Los Angeles County, California. Plaintiff purchased the FUZE Slenderize Drinks in Los Angeles County. In doing so, Plaintiff relied upon the advertising and other promotional material which were prepared and approved by FUZE and its agents and disseminated through its label and national advertising media, containing the misrepresentations alleged herein and designed to encourage those seeking weight loss to purchase the FUZE Slenderize Drinks. Plaintiff did not experience any weight loss, appetite suppression, increase in energy, or any of the other advertised "benefits" of the FUZE Slenderize Drinks as a result of taking them.

20. Defendant FB is a limited liability company organized under the laws of the State of Delaware. On or about February 1, 2007, the Coca-Cola Company, an Atlanta, Georgia-based multi-national corporation that had net operating revenues of over $24 billion and gross profits in excess of $15 billion in 2006, agreed to purchase FB for approximately $250 million. On or about March 26, 2007, CCC completed the purchased of FB, at which time FB publicly stated that CCC distribution system would allow FB, in only 2-3 years, to increase its sales of all FUZE Beverages, including the deceptively-marketed FUZE Slenderize Drinks, from approximately $300 million annually, to $1 billion annually. Since that time, FB has operated as a wholly-owned subsidiary of CCC, maintaining its corporate headquarters at 619 Palisade Avenue, Englewood Cliffs, New Jersey 07632. FB, directly and through its agents, has substantial contacts with and receives substantial benefits and income from and through the State of California. FB is the owner, manufacturer and distributor of the FUZE Slenderize Drinks, and is the company that created and/or authorized the false, misleading and deceptive advertisements and/or packaging for the FUZE Slenderize Drinks.

21. Defendant Collins is an individual who, upon information and belief, is a resident of the State of New Jersey. At all times relevant to the facts and circumstances set forth herein, Collins has held the position of Chief Executive Officer of FB. Plaintiff is informed and believes and based thereon alleges that Collins is the alter ego of FB. Plaintiff is further informed and believes and based thereon alleges that there exists between Collins and FB such unity of interest

1  and ownership that in reality no separate entity exists. As such, failure to disregard the separate

2  entity would result in fraud or injustice to the public. Plaintiff is informed and believes and based

3  thereon alleges that Collins personally directed the activities complained of and alleged herein

4  toward the forum state. As such, the distinct corporate form of FB should be disregarded, and

5  Collins and FB should be treated as the same entity.

6      22.    The true names and capacities, whether individual, corporate, associate or otherwise

7  of certain manufacturers, distributors and/or their alter egos sued herein as DOES 1 through 100

8  inclusive are presently unknown to Plaintiff who therefore sue these Defendants by fictitious names.

9  Plaintiff will seek leave of this Court to amend the Complaint to show their true names and

10  capacities when the same have been ascertained. Plaintiff is informed and believes and based

11  thereon alleges that DOES 1 through 100 were authorized to do and did business in Los Angeles

12  County. Plaintiff is further informed and believes and based thereon alleges that DOES 1 through

13  100 were and/or are, in some manner or way, responsible for and liable to Plaintiff for the events,

14  happenings, and damages hereinafter set forth below.

15      23.    Plaintiff is informed and believes and based thereon alleges that at all times relevant

16  herein each of the Defendants was the agent, servant, employee, subsidiary, affiliate, partner,

17  assignee, successor-in-interest, alter ego or other representative of each of the remaining Defendants

18  and was acting in such capacity in doing the things herein complained of and alleged.

19      24.    In committing the wrongful acts alleged herein, Defendants planned and participated

20  in and furthered a common scheme by means of false, misleading, deceptive and fraudulent

21  representations to induce members of the public to purchase the FUZE Slenderize Drinks.

22  Defendants participated in the making of such representations in that each did disseminate or cause

23  to be disseminated said misrepresentations.

24      25.    FUZE, upon becoming involved with the manufacture, advertising, and sale of the

25  FUZE Slenderize Drinks knew or should have known that the claims about the FUZE Slenderize

26  Drinks and, in particular, the claims suggesting and/or outright stating that the FUZE Slenderize

27  Drinks could assist with and cause weight loss to consumers, were false, deceptive and misleading.

28  Indeed, since the first time that the FUZE Slenderize Drinks were advertised, FUZE has been aware

Milstein, Adelman &Kreger, LLP
2800 Donald Douglas Loop North
Santa Monica, California 90405

6

**CLASS ACTION COMPLAINT**

1   that they, individually and/or collectively, do not possess the requisite competent and reliable

2   scientific evidence to substantiate their bold claims about the purported benefits and effects of the

3   FUZE Slenderize Drinks.  FUZE affirmatively misrepresented the "benefits" of the FUZE

4   Slenderize Drinks in order to convince the public to purchase and use those products, resulting in

5   profits of millions of dollars to FUZE, all to the damage and detriment of the consuming public.

6   Thus, in addition to the wrongful conduct herein alleged as giving rise to primary liability,

7   Defendants further aided and abetted and knowingly assisted each other in breach of their respective

8   duties and obligations as herein alleged.

9                                 CLASS ACTION ALLEGATIONS

10          26.     Plaintiff brings this action on her own behalf and on behalf of all other persons

11   similarly situated.  The Class which Plaintiff seeks to represent comprises:

12          All persons residing in the State of California who purchased the FUZE Slenderize Drinks

13          for personal use and not for resale during the time period July 17, 2004 through the present.

14          Excluded from the Class are Defendants' officers, directors, and employees, and any

15          individual who received renumeration from the Defendants to act as an endorser of the

16          FUZE Slenderize Drinks.

17   Said definition me may be further defined or amended by additional pleadings, evidentiary

18   hearings, a class certification hearing, and orders of this Court.

19          27.     The Class comprises many thousands of persons throughout the State of California.

20   The class is so numerous, that joinder of all members is impracticable, and the disposition of their

21   claims in a Class Action will benefit the parties and the Court.

22          28.     There is a well-defined community of interest in the questions of law and fact

23   involved affecting the parties to be represented.  The questions of law and fact common to the

24   Class predominates over questions which may affect individual Class members.   Common

25   questions of law and fact include, but are not limited to, the following:

26          a.  Whether FUZE's conduct is an unlawful business act or practice within the meaning

27              of Business and Professions Code section 17200, *et seq.*;

28

Milstein, Adelman &Kreger, LLP
2800 Donald Douglas Loop North
Santa Monica, California 90405

7

01  'd    5509 'ON                        39V83A38 3ZN3    Wd91:E 8002 'E 'd3S    01

b. Whether FUZE's conduct is a fraudulent business act or practice within the meaning of Business and Professions Code section 17200, *et seq.*;

c. Whether FUZE's advertising is untrue or misleading within the meaning of Business and Professions Code section 17500, *et seq.*;

d. Whether FUZE made false and misleading representations in their advertising and labeling of the FUZE Slenderize Drinks;

e. Whether FUZE knew or should have known that the representations were false; and

f. Whether FUZE represented that the FUZE Slenderize Drinks have characteristics, benefits, uses or quantities which they do not have.

29. Plaintiff's claims are typical of the claims of the proposed Class, and Plaintiff will fairly and adequately represent and protect the interests of the proposed Class. Plaintiff has retained competent and experienced counsel in class action and other complex litigation.

30. Plaintiff and the Class have suffered injury in fact and have lost money as a result of FUZE's false and misleading representations.

31. The Class is identifiable and readily ascertainable. The names and addresses of the class members are available through business or public records. Notice can be provided to such purchasers via first class mail using techniques and a form of notice similar to those customarily used in class actions, and by internet publication, radio, newspapers, and magazines.

32. A class action is superior to other available methods for fair and efficient adjudication of this controversy. The expense and burden of individual litigation would make it impracticable or impossible for proposed members of the Class to prosecute their claims individually.

33. The trial and the litigation of Plaintiff's claims are manageable.

34. FUZE has acted on grounds generally applicable to the entire Class, thereby making final injunctive relief and/or corresponding declaratory relief appropriate with respect to the Class as a whole. The prosecution of separate actions by individual Class members would create the risk of inconsistent or varying adjudications with respect to individual member of the Class that would establish incompatible standards of conduct for FUZE.

Milstein, Adelman &Kreger, LLP
2800 Donald Douglas Loop North
Santa Monica, California 90405

8
CLASS ACTION COMPLAINT

35.    Absent a class action, FUZE will likely retain the benefits of their wrongdoing. Because of the small size of the individual Class members' claims, few, if any, Class members could afford to seek legal redress for the wrongs complained of herein. Absent a representative action, the Class members will continue to suffer losses and Defendants will be allowed to continue these violations of law and to retain the proceeds of their ill-gotten gains.

## FACTUAL BACKGROUND OF CLAIMS

36.    Collins founded FB in 2001. At that time, he formulated the FUZE Slenderize Drinks in the basement of his home. Collins has no scientific or health background and, upon information and belief, did not use any scientists or health experts in the formulation of the FUZE Slenderize Drinks.

37.    From its inception, the FUZE Slenderize Drinks were marketed through the use of false, misleading, deceptive and unsubstantiated claims about their purported effects and benefits. Indeed, FB and Collins engaged in a campaign best characterized as "healthy deception."

38.    FB and Collins plans worked to perfection as, in or about 2006, the famous Coca-Cola Company made certain inquiries concerning its purchase of FB. Shortly thereafter, in 2007, the Coca-Cola Company purchased FB for $250 million, and FB became a wholly-owned subsidiary of the Coca-Cola Company.

39.    Despite being "folded" into the multi-national Coca-Cola Company, FUZE continued to market and advertise the FUZE Slenderize Drinks in a false and deceptive manner. Upon information and belief, the Coca-Cola Company simply "looked the other way" at FUZE's deceitful tactics, since the Coca-Cola Company was making millions of dollars from the false and deceptive marketing of the FUZE Slenderize Drinks.

40.    Some of the false, misleading, deceptive and unsubstantiated claims associated with the FUZE Slenderize Drinks include:

A.    The use of the word "Slenderize" in the brand. In point of fact, the FUZE Slenderize Drinks do not contain a single ingredient, in the necessary dosing amounts, that will help any consumer lose weight or "get slender."

9

CLASS ACTION COMPLAINT

Müstein, Adelman &Kreger, LLP
2800 Donald Douglas Loop North
Santa Monica, California 90405

Milstein, Adelman &Kreger, LLP
2800 Donald Douglas Loop North
Santa Monica, California 90405

B.    FUZE's statement that, "[w]e know that you don't want to sacrifice taste or refreshment when resolving to manage your weight.  That's why Fuze Slenderize® has great flavors with no after taste and contains specific natural ingredients that helps your metabolism work in your favor." (emphasis in original).  In point of fact, the FUZE Slenderize Drinks do not contain any ingredients, in the necessary dosing amounts, to affect consumers' metabolism.

C.    That the FUZE Slenderize Drinks, can "slenderize" or cause a consumer to lose weight.  They cannot.

D.    That the FUZE Slenderize Drinks can increase a consumer's metabolism. They do not.

E.    That the FUZE Slenderize Drinks can help a consumer "manage [the consumer's] weight."  They cannot.

F.    That the FUZE Slenderize Drinks contain "4 slenderizing vitamins and minerals."  No FUZE product contains any weight loss ingredients at the appropriate dosing level to assist in weight loss, or help a consumer "slenderize."

G.    That the FUZE Slenderize Drinks contain ingredients that are "proven" to cause and/or assist in weight loss.  They do not at the necessary and appropriate dosing levels.

41.    More specifically:

i.    As represented on its packaging/label, the FUZE Slenderize Drinks contain 40 micrograms (mcg) of chromium.  According to FUZE, the chromium in its FUZE Slenderize Drinks will "improve the amount of energy you get from food."  However, scientific studies demonstrate that, in order to obtain any benefits from chromium (including those benefits represented by FUZE), it must be in amounts of 200 micrograms, or **five times the amount in the FUZE Slenderize Drinks**.  Thus, the direct and implied claim that the

10

CLASS ACTION COMPLAINT

1    chromium in the FUZE Slenderize Drinks has any benefit to consumers is

2    false and misleading.

3    ii.    As represented on its packaging/label, the FUZE Slenderize Drinks contain

4    450 milligrams (mg) of "Super Citrimax," which is more commonly known

5    as *Garcina cambogia* Rind Extract. According to FUZE, 450 milligrams of

6    this ingredient "[h]elps users maintain a normal appetite and increase [sic]

7    energy in healthy individuals." FUZE also represents that 450 milligrams of

8    "Super Citrimax" "[h]elps support a healthy metabolism." However, it is

9    public knowledge there are no well-controlled, legitimate scientific studies

10   that demonstrate any benefits of "Super Citrimax." Indeed, in a well-known,

11   publicly available, well-controlled, double-blinded, placebo controlled study

12   of Super Citrimax published in the Journal of the American Medical

13   Association in November 1998, it was conclusively established that Super

14   Citrimax, in doses of **3000 mg or less "do not support a role...as a**

15   **facilitator of [appetite suppression or] weight loss."** Accordingly,

16   FUZE's claim that the Super Citrimax in the FUZE Slenderize Drinks can

17   assist consumers, in any way, is false and misleading.

18   iii.   As represented on its packaging/label, the FUZE Slenderize Drinks contain

19   45 milligrams (mg) of L-Carnitine, which FUZE claims "boosts energy."

20   Publicly available scientific studies demonstrate that, in order to have **any**

21   **effect** on humans, L-Carnitine must be provided in doses of **2000 to 6000**

22   **milligrams**, or, approximately **1000 times** the amount in the FUZE

23   Slenderize Drinks. Therefore, FUZE's claim about L-Carnitine is, too, false

24   and misleading.

25   42.    It is well-known that the vast majority of beverage consumers are "point of

26   purchase" consumers. Thus, the false and misleading claims contained on the FUZE Slenderize

27   Drinks packaging/label represent a single, consistent false message to consumers.

28

Milstein, Adelman &Kreger, LLP
2800 Donald Douglas Loop North
Santa Monica, California 90405

11

**CLASS ACTION COMPLAINT**

43.    Through its false and deceptive claims, FUZE, on a daily basis dupes consumers into purchasing the FUZE Slenderize Drinks, in the process making millions of dollars for FUZE and, now, the Coca-Cola Company, and its owners.

44.    Simply put, the claims that the FUZE Slenderize Drinks have "active ingredients" that can (i) "energize" a consumer, (ii) "slenderize" a consumer and/or (iii) assist, in any way, in weight loss, are false, deceptive and misleading. FUZE does not have any competent and reliable scientific evidence to support any of those claims.

## FIRST CAUSE OF ACTION

## FALSE AND MISLEADING ADVERTISING IN VIOLATION OF BUSINESS & PROFESSIONS CODE § 17200, et seq.

### (By Plaintiffs against all Defendants)

45.    Plaintiff repeats and realleges the allegations set forth above, and incorporates the same as if set forth herein at length.

46.    This cause of action is brought pursuant to Business and Professions Code § 17200, et seq., on behalf of Plaintiffs and a Class consisting of (i) all persons residing in the State of California who purchased the FUZE Slenderize Drinks for personal use and not for resale during the time period July 16, 2004 through the present.

47.    Defendants in their advertising and packaging of the FUZE Slenderize Drinks make false and misleading statements regarding the benefits and the efficacy of the FUZE Slenderize Drinks, particularly as it applies to weight loss, all as set forth above.

48.    Defendants do not have any competent and reliable scientific evidence to support the claims about the FUZE Slenderize Drinks made in Defendants' advertising and on Defendants' packaging/label.

49.    Defendants are aware that the claims that they make about the FUZE Slenderize Drinks are false, misleading and unsubstantiated.

50.    As alleged in the preceding paragraphs, the misrepresentations by Defendants of the material facts detailed above constitutes an unfair and fraudulent business practice within the meaning of California Business & Professions Code § 17200.

12

**CLASS ACTION COMPLAINT**

Milstein, Adelman &Kreger, LLP
2800 Donald Douglas Loop North
Santa Monica, California 90405

51. In addition, Defendants' use of various forms of advertising media to advertise, call attention to or give publicity to the sale of goods or merchandise which are not as represented in any manner constitutes unfair competition, unfair, deceptive, untrue or misleading advertising, and an unlawful business practice within the meaning of Business & Professions Code §§ 17531 and 17200, which advertisements have deceived and are likely to deceive the consuming public, in violation of Business & Professions Code § 17500.

52. There were reasonably available alternatives to further Defendants' legitimate business interests, other than the conduct described herein.

53. All of the conduct alleged herein occurs and continues to occur in Defendants' business. Defendants' wrongful conduct is part of a pattern or generalized course of conduct repeated on thousands of occasions daily.

54. Pursuant to Business & Professions Code §§ 17203 and 17535, Plaintiff and the members of the Class seek an order of this Court enjoining Defendants from continuing to engage, use, or employ their practice of advertising the sale and use of the FUZE Slenderize Drinks. Likewise, Plaintiff and the members of the Class seek an order requiring Defendants to disclose such misrepresentations, and additionally request an order awarding Plaintiffs restitution of the money wrongfully acquired by Defendants by means of responsibility attached to Defendants' failure to disclose the existence and significance of said misrepresentations.

55. Plaintiff and the Class have suffered injury in fact and have lost money in the amount of approximately $2.00 for each unit of the FUZE Slenderize Drinks as a result of Defendants' false representations. The purchase price of the FUZE Slenderize Drinks may vary depending on local sales practices and taxes.

## SECOND CAUSE OF ACTION

## FALSE AND MISLEADING ADVERTISING IN VIOLATION OF BUSINESS & PROFESSIONS CODE § 17500, et seq.

### (By Plaintiffs against all Defendants)

56. Plaintiff repeats and realleges the allegations set forth in the preceding paragraphs, and incorporates the same as if set forth herein at length.

13

CLASS ACTION COMPLAINT

Milstein, Adelman &Kreger, LLP
2800 Donald Douglas Loop North
Santa Monica, California 90405

57.     This cause of action is brought pursuant to Business and Professions Code § 17200, *et seq.*, on behalf of Plaintiff and the Class consisting of (i) all persons residing in the State of California who purchased the FUZE Slenderize Drinks for personal use and not for resale during the time period July 16, 2004 through the present.

58.     In its advertising of the FUZE Slenderize Drinks, FUZE knowingly makes false and misleading statements regarding the benefits and the effects of the FUZE Slenderize Drinks, particularly as it applies to weight loss, all as set forth above.

59.     Defendants do not have any competent and reliable scientific evidence to support the claims about the FUZE Slenderize Drinks made in Defendants' advertising and on the packaging/labels of the products.

60.     Defendants are aware and knew that the claims that they make about the FUZE Slenderize Drinks are false, misleading and unsubstantiated.

61.     Plaintiff and the Class have suffered injury in fact and have lost money as a result of Defendants' false representations.

62.     As alleged in the preceding paragraphs, the misrepresentations by Defendants of the material facts detailed above constitutes an unfair and fraudulent business practice within the meaning of California Business & Professions Code § 17200.

63.     In addition, Defendants' use of various forms of advertising media to advertise, call attention to or give publicity to the sale of goods or merchandise which are not as represented in any manner constitutes unfair competition, unfair, deceptive, untrue or misleading advertising, and an unlawful business practice within the meaning of Business & Professions Code §§ 17531 and 17200, which advertisements have deceived and are likely to deceive the consuming public, in violation of Business & Professions Code § 17500.

64.     Pursuant to Business & Professions Code §§ 17203 and 17535, Plaintiff and the members of the Class seek an order of this Court enjoining Defendants from continuing to engage, use, or employ their practice of advertising the sale and use of the FUZE Slenderize Drinks. Likewise, Plaintiff and the members of the Class seek an order requiring Defendants to disclose such misrepresentations, and additionally request an order awarding Plaintiffs restitution of the

14

CLASS ACTION COMPLAINT

Milstein, Adelman &Kreger, LLP
2800 Donald Douglas Loop North
Santa Monica, California 90405



1    money wrongfully acquired by Defendants by means of responsibility attached to Defendants'

2    failure to disclose the existence and significance of said misrepresentations.

3                                  **THIRD CAUSE OF ACTION**

4                  **VIOLATION OF CALIFORNIA CIVIL CODE § 1750, et seq.**

5                              **(By Plaintiffs against all Defendants)**

6          65.    Plaintiff repeats and realleges the all allegations of the previous paragraphs, and

7    incorporates the same as if set forth herein at length.

8          66.    This cause of action is brought pursuant to Civil Code § 1750, et seq., the

9    Consumers Legal Remedies Act, on behalf of Plaintiffs and a Class consisting of all persons

10   residing in the State of California who purchased the FUZE Slenderize Drinks for personal use and

11   not for resale during the time period July 16, 2004 through the present.

12         67.    The Class consists of thousands of persons, the joinder of whom is impracticable.

13         68.    There are questions of law and fact common to the class, which questions are

14   substantially similar and predominate over questions affecting the individual members, including

15   but not limited to: (a) Whether Defendants represented that the FUZE Slenderize Drinks have

16   characteristics, benefits, uses or quantities which they do not have; (b) Whether the existence,

17   extent and significance of the major misrepresentations regarding the purported benefits,

18   characteristics and efficacy of the FUZE Slenderize Drinks violate the Act; and (c) Whether

19   Defendants' knew of the existence of these misrepresentations.

20         69.    The policies, acts, and practices heretofore described were intended to result in the

21   sale of the FUZE Slenderize Drinks to the consuming public, particularly those seeking weight

22   loss, and violated and continue to violate § 1770(a)(5) of the Act by representing that the FUZE

23   Slenderize Drinks have characteristics, benefits, uses or quantities which they do not have.

24         70.    Defendants fraudulently deceived Plaintiff and the Class by representing that the

25   FUZE Slenderize Drinks have certain characteristics, benefits, uses and qualities which they do not

26   have (e.g., appetite suppression).  In doing so, Defendants intentionally misrepresented and

27   concealed material facts from Plaintiff and the Class, specifically, that the FUZE Slenderize

28   Drinks causes and/or can assist with weight loss. Said misrepresentation and concealment were

                                                15

                              **CLASS ACTION COMPLAINT**

Milstein, Adelman &Kreger, LLP
2800 Donald Douglas Loop North
Santa Monica, California 90405

I    done with the intention of deceiving Plaintiff and the Class and depriving them of their legal rights

2    and money.

3        71.    Defendants knew that the FUZE Slenderize Drinks did not cause and/or assist

4    consumers with appetite suppression, energy enhancement and/or weight loss.

5        72.    Defendants' actions as described hereinabove were done with conscious disregard of

6    Plaintiff's rights and Defendants were wanton and malicious in their concealment of same.

7        73.    Plaintiff and the Class have suffered injury in fact and have lost money in the

8    amount of approximately $2.00 for each unit of the FUZE Slenderize Drinks as a result of

9    Defendants' false representations. The purchase price of the FUZE Slenderize Drinks may vary

10    depending on local sales practices and taxes.

11        74.    Pursuant to § 1780(a) of the Act, Plaintiff, at this time, seeks injunctive relief only,

12    in the form of an order enjoining the above-described wrongful acts and practices of Defendants,

13    including, but not limited to, an order:

14           A. Enjoining FUZE from continuing to make the statements set forth in

15             paragraphs 40 and 41, above;

16           B. Enjoining FUZE from continuing to utilize the word "Slenderize" in

17             connection with any of its beverage products until such time as it possesses

18             competent and reliable scientific evidence that the beverage product can

19             cause or assist consumers with weight loss;

20           C. Enjoining FUZE from continuing to offer for sale any bottle of the FUZE

21             Slenderize Drinks that contains any false, misleading and/or

22             unsubstantiated statements and claims on it and/or its label, including,

23             without limitation, those statements and claims set forth in paragraphs 40

24             and 41, above;

25           D. Ordering that FUZE immediately recall any and all bottles of the FUZE

26             Slenderize Drinks that contain any false, misleading and/or unsubstantiated

27             statements and claims on them and/or their labels, including, without

28

Milstein, Adelman &Kreger, LLP
2800 Donald Douglas Loop North
Santa Monica, California 90405

-19-    P.    NO. 6055        FUZE BEVERAGE        3:20PM   SEP. 3. 2008

1    limitation, those statements and claims set forth in paragraphs 40 and 41,

2    above;

3         E. Enjoining FUZE from continuing to use the packaging and label that it

4         presently uses for the FUZE Slenderize Drinks; and,

5         F. Enjoining Defendants from distributing such false advertising and

6         misrepresentations.

7    75.    Plaintiffs shall be irreparably harmed if such an order is not granted.

8    76.    In accordance with Civil Code § 1782(a) & (d), Plaintiffs will subsequently amend

9    this class action Complaint without leave of Court to include a request for damages. Plaintiffs

10   request that this Court enter such orders or judgments as may be necessary to restore any person in

11   interest any money which may have been acquired by means of such unfair business practices, and

12   for such other relief as provided in Civil Code § 1780 and the Prayer for Relief.

13                              **PRAYER FOR RELIEF**

14   WHEREFORE, Plaintiffs, on behalf of themselves and on behalf of the members of the

15   Classes defined herein, pray for judgment and relief as follows:

16   A.    An order certifying that the action may be maintained as a Class Action;

17   B.    An order enjoining Defendants from pursuing the policies, acts, and practices

18         complained of herein;

19   C.    An order requiring Defendants to pay restitution to Plaintiff and all members of the

20         Class under the First and Second Causes of action only;

21   D.    For pre-judgment interest from the date of filing this suit;

22   E.    Reasonable attorneys' fees;

23   F.    Costs of this suit; and

24   G.    Such other and further relief as the Court may deem necessary or appropriate.

25

26

27

28

Milstein, Adelman &Kreger, LLP<br>
2800 Donald Douglas Loop North<br>
Santa Monica, California 90405

17

CLASS ACTION COMPLAINT

1   DATED: July 16, 2008

2

3                                            MILSTEIN, ADELMAN & KREGER, LLP

4                                            By: _____

5                                                Wayne S. Kreger
                                                 Peter J. Farnese
6                                                Attorneys for Plaintiff,
                                                 Laura Ceballos
7

8

9

10

11

12   Milstein, Adelman & Kreger, LLP
     2800 Donald Douglas Loop North
13   Santa Monica, California 90405

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

18

CLASS ACTION COMPLAINT

## JURY TRIAL DEMANDED

Plaintiff demands a jury trial on all triable issues.

DATED: July 16, 2008          MILSTEIN, ADELMAN & KREGER, LLP

By: _____
     Wayne S. Kreger
     Peter J. Farnese
     Attorneys for Plaintiff,
     Laura Ceballos

Milstein, Adelman & Kreger, LLP
2800 Donald Douglas Loop North
Santa Monica, California 90405

19
CLASS ACTION COMPLAINT

CC PY

**CONFORMED COPY**
OF ORIGINAL FILED
Los Angeles Superior Court

JUL 1 6 2008

John A. Clarke, Executive Officer/Clerk

By_____ Deputy
B.M. SWAIN

| | |
|---|---|
| **ATTORNEY OR PARTY WITHOUT ATTORNEY** *(Name, State Bar number, and address)*:<br>Wayne S. Kreger, SBN 154759<br>MILSTEIN, ADELMAN & KREGER, LLP<br>2800 Donald Douglas Loop N<br>Santa Monica, CA 90405<br>TELEPHONE NO: 310-396-9600     FAX NO: 310-396-9635<br>ATTORNEY FOR *(Name)*: PLAINTIFF, Laura Ceballos | |

| |
|---|
| SUPERIOR COURT OF CALIFORNIA, COUNTY OF Los Angeles<br>STREET ADDRESS: 111 N. Hill Street<br>MAILING ADDRESS: 111 N. Hill Street<br>CITY AND ZIP CODE: Los Angeles, 90012-3014<br>BRANCH NAME: Stanley Mosk Courthouse |

| |
|---|
| CASE NAME:<br>LAURA CEBALLOS v. FUZE BEVERAGE, LLC, et al. |

| CIVIL CASE COVER SHEET | | Complex Case Designation | | CASE NUMBER: BC394521 |
|---|---|---|---|---|
| [✓] Unlimited<br>(Amount<br>demanded<br>exceeds $25,000) | [ ] Limited<br>(Amount<br>demanded is<br>$25,000 or less) | [ ] Counter  [ ] Joinder<br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 3.402) | | JUDGE:<br>DEPT: |

*Items 1–6 below must be completed (see instructions on page 2).*

FAXED

1. Check one box below for the case type that best describes this case:

| Auto Tort | Contract | Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403) |
|---|---|---|
| [ ] Auto (22) | [ ] Breach of contract/warranty (06) | [ ] Antitrust/Trade regulation (03) |
| [ ] Uninsured motorist (46) | [ ] Rule 3.740 collections (09) | [ ] Construction defect (10) |
| **Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort** | [ ] Other collections (09) | [ ] Mass tort (40) |
| [ ] Asbestos (04) | [ ] Insurance coverage (18) | [ ] Securities litigation (28) |
| [ ] Product liability (24) | [ ] Other contract (37) | [ ] Environmental/Toxic tort (30) |
| [ ] Medical malpractice (45) | **Real Property** | [ ] Insurance coverage claims arising from the above listed provisionally complex case types (41) |
| [ ] Other PI/PD/WD (23) | [ ] Eminent domain/Inverse condemnation (14) | **Enforcement of Judgment** |
| **Non-PI/PD/WD (Other) Tort** | [ ] Wrongful eviction (33) | [ ] Enforcement of judgment (20) |
| [✓] Business tort/Unfair business practice (07) | [ ] Other real property (26) | **Miscellaneous Civil Complaint** |
| [ ] Civil rights (08) | **Unlawful Detainer** | [ ] RICO (27) |
| [ ] Defamation (13) | [ ] Commercial (31) | [ ] Other complaint *(not specified above)* (42) |
| [ ] Fraud (16) | [ ] Residential (32) | **Miscellaneous Civil Petition** |
| [ ] Intellectual property (19) | [ ] Drugs (38) | [ ] Partnership and corporate governance (21) |
| [ ] Professional negligence (25) | **Judicial Review** | [ ] Other petition *(not specified above)* (43) |
| [ ] Other non-PI/PD/WD tort (35) | [ ] Asset forfeiture (05) | |
| **Employment** | [ ] Petition re: arbitration award (11) | |
| [ ] Wrongful termination (36) | [ ] Writ of mandate (02) | |
| [ ] Other employment (15) | [ ] Other judicial review (39) | |

2. This case [✓] is  [ ] is not  complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [✓] Large number of separately represented parties
   b. [✓] Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. [✓] Substantial amount of documentary evidence
   d. [ ] Large number of witnesses
   e. [ ] Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. [ ] Substantial postjudgment judicial supervision

3. Remedies sought *(check all that apply)*: a. [✓] monetary  b. [✓] nonmonetary; declaratory or injunctive relief  c. [ ] punitive
4. Number of causes of action *(specify)*: 3
5. This case [✓] is  [ ] is not  a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date: July 16, 2008

Wayne S. Kreger, Esq.
_____
(TYPE OR PRINT NAME)                    (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California
CM-010 [Rev. July 1, 2007]

**CIVIL CASE COVER SHEET**

Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;
Cal. Standards of Judicial Administration, std. 3.10
www.courtinfo.ca.gov
American LegalNet, Inc.
www.FormsWorkflow.com

CM-010

## INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you must complete and file, along with your first paper, the *Civil Case Cover Sheet* contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check one box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the primary cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the *Civil Case Cover Sheet* to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

### CASE TYPES AND EXAMPLES

**Auto Tort**
Auto (22)–Personal Injury/Property
Damage/Wrongful Death
Uninsured Motorist (46) *(if the
case involves an uninsured
motorist claim subject to
arbitration, check this item
instead of Auto)*

**Other PI/PD/WD (Personal Injury/
Property Damage/Wrongful Death)
Tort**
Asbestos (04)
Asbestos Property Damage
Asbestos Personal Injury/
Wrongful Death
Product Liability *(not asbestos or
toxic/environmental)* (24)
Medical Malpractice (45)
Medical Malpractice–
Physicians & Surgeons
Other Professional Health Care
Malpractice
Other PI/PD/WD (23)
Premises Liability (e.g., slip
and fall)
Intentional Bodily Injury/PD/WD
(e.g., assault, vandalism)
Intentional Infliction of
Emotional Distress
Negligent Infliction of
Emotional Distress
Other PI/PD/WD

**Non-PI/PD/WD (Other) Tort**
Business Tort/Unfair Business
Practice (07)
Civil Rights (e.g., discrimination,
false arrest) *(not civil
harassment)* (08)
Defamation (e.g., slander, libel)
(13)
Fraud (16)
Intellectual Property (19)
Professional Negligence (25)
Legal Malpractice
Other Professional Malpractice
*(not medical or legal)*
Other Non-PI/PD/WD Tort (35)

**Employment**
Wrongful Termination (36)
Other Employment (15)

**Contract**
Breach of Contract/Warranty (06)
Breach of Rental/Lease
Contract *(not unlawful detainer
or wrongful eviction)*
Contract/Warranty Breach–Seller
Plaintiff *(not fraud or negligence)*
Negligent Breach of Contract/
Warranty
Other Breach of Contract/Warranty
Collections (e.g., money owed, open
book accounts) (09)
Collection Case–Seller Plaintiff
Other Promissory Note/Collections
Case
Insurance Coverage *(not provisionally
complex)* (18)
Auto Subrogation
Other Coverage
Other Contract (37)
Contractual Fraud
Other Contract Dispute

**Real Property**
Eminent Domain/Inverse
Condemnation (14)
Wrongful Eviction (33)
Other Real Property (e.g., quiet title) (26)
Writ of Possession of Real Property
Mortgage Foreclosure
Quiet Title
Other Real Property *(not eminent
domain, landlord/tenant, or
foreclosure)*

**Unlawful Detainer**
Commercial (31)
Residential (32)
Drugs (38) *(if the case involves illegal
drugs, check this item; otherwise,
report as Commercial or Residential)*

**Judicial Review**
Asset Forfeiture (05)
Petition Re: Arbitration Award (11)
Writ of Mandate (02)
Writ–Administrative Mandamus
Writ–Mandamus on Limited Court
Case Matter
Writ–Other Limited Court Case
Review
Other Judicial Review (39)
Review of Health Officer Order
Notice of Appeal–Labor
Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal.
Rules of Court Rules 3.400–3.403)**
Antitrust/Trade Regulation (03)
Construction Defect (10)
Claims Involving Mass Tort (40)
Securities Litigation (28)
Environmental/Toxic Tort (30)
Insurance Coverage Claims
*(arising from provisionally complex
case type listed above)* (41)

**Enforcement of Judgment**
Enforcement of Judgment (20)
Abstract of Judgment (Out of
County)
Confession of Judgment *(non-
domestic relations)*
Sister State Judgment
Administrative Agency Award
*(not unpaid taxes)*
Petition/Certification of Entry of
Judgment on Unpaid Taxes
Other Enforcement of Judgment
Case

**Miscellaneous Civil Complaint**
RICO (27)
Other Complaint *(not specified
above)* (42)
Declaratory Relief Only
Injunctive Relief Only *(non-
harassment)*
Mechanics Lien
Other Commercial Complaint
Case *(non-tort/non-complex)*
Other Civil Complaint
*(non-tort/non-complex)*

**Miscellaneous Civil Petition**
Partnership and Corporate
Governance (21)
Other Petition *(not specified
above)* (43)
Civil Harassment
Workplace Violence
Elder/Dependent Adult
Abuse
Election Contest
Petition for Name Change
Petition for Relief From Late
Claim
Other Civil Petition

CM-010 [Rev. July 1, 2007]                    **CIVIL CASE COVER SHEET**

COPY

| SHORT TITLE: CEBALLOS v. FUZE BEVERAGE, LLC, et al. | CASE NUMBER: BC394521 |

## CIVIL CASE COVER SHEET ADDENDUM AND STATEMENT OF LOCATION
### (CERTIFICATE OF GROUNDS FOR ASSIGNMENT TO COURTHOUSE LOCATION)

**This form is required pursuant to LASC Local Rule 2.0 in all new civil case filings in the Los Angeles Superior Court.**

Item I.  Check the types of hearing and fill in the estimated length of hearing expected for this case:

JURY TRIAL? ☑ YES   CLASS ACTION? ☑ YES   LIMITED CASE? ☐ YES   TIME ESTIMATED FOR TRIAL 7   ☐ HOURS/☑ DAYS

Item II. Select the correct district and courthouse location (4 steps – If you checked "Limited Case", skip to Item III, Pg. 4):

**Step 1:** After first completing the Civil Case Cover Sheet Form, find the main civil case cover sheet heading for your case in the left margin below, and, to the right in Column A, the Civil Case Cover Sheet case type you selected.

**Step 2:** Check one Superior Court type of action in Column B below which best describes the nature of this case.

**Step 3:** In Column C, circle the reason for the court location choice that applies to the type of action you have checked. For any exception to the court location, see Los Angeles Superior Court Local Rule 2.0.

### Applicable Reasons for Choosing Courthouse Location (see Column C below)

1. Class Actions must be filed in the County Courthouse, Central District.
2. May be filed in Central (Other county, or no Bodily Injury/Property Damage).
3. Location where cause of action arose.
4. Location where bodily injury, death or damage occurred.
5. Location where performance required or defendant resides.
6. Location of property or permanently garaged vehicle.
7. Location where petitioner resides.
8. Location wherein defendant/respondent functions wholly.
9. Location where one or more of the parties reside.
10. Location of Labor Commissioner Office.

**Step 4:** Fill in the information requested on page 4 in Item III; complete Item IV.  Sign the declaration.

| | A<br>Civil Case Cover Sheet<br>Category No. | B<br>Type of Action<br>(Check only one) | C<br>Applicable Reasons -<br>See Step 3 Above |
|---|---|---|---|
| **Auto Tort** | Auto (22) | ☐ A7100  Motor Vehicle - Personal Injury/Property Damage/Wrongful Death | 1., 2., 4. |
| | Uninsured Motorist (46) | ☐ A7110  Personal Injury/Property Damage/Wrongful Death – Uninsured Motorist | 1., 2., 4. |
| **Other Personal Injury/Property Damage/Wrongful Death Tort** | Asbestos (04) | ☐ A6070  Asbestos Property Damage<br>☐ A7221  Asbestos - Personal Injury/Wrongful Death | 2.<br>2. |
| | Product Liability (24) | ☐ A7260  Product Liability (not asbestos or toxic/environmental) | 1., 2., 3., 4., 8. |
| | Medical Malpractice (45) | ☐ A7210  Medical Malpractice - Physicians & Surgeons<br>☐ A7240  Other Professional Health Care Malpractice | 1., 2., 4.<br>1., 2., 4. |
| | Other Personal Injury Property Damage Wrongful Death (23) | ☐ A7250  Premises Liability (e.g., slip and fall)<br>☐ A7230  Intentional Bodily Injury/Property Damage/Wrongful Death (e.g., assault, vandalism, etc.)<br>☐ A7270  Intentional Infliction of Emotional Distress<br>☐ A7220  Other Personal Injury/Property Damage/Wrongful Death | 1., 2., 4.<br>1., 2., 4.<br>1., 2., 3.<br>1., 2., 4. |
| **Non-Personal Injury/Property Damage/Wrongful Death Tort** | Business Tort (07) | ☑ A6029  Other Commercial/Business Tort (not fraud/breach of contract) | 1., 2., 3. |
| | Civil Rights (08) | ☐ A6005  Civil Rights/Discrimination | 1., 2., 3. |
| | Defamation (13) | ☐ A6010  Defamation (slander/libel) | 1., 2., 3. |
| | Fraud (16) | ☐ A6013  Fraud (no contract) | 1., 2., 3. |

| LACIV 109 (Rev. 01/07)<br>LASC Approved 03-04 | CIVIL CASE COVER SHEET ADDENDUM<br>AND STATEMENT OF LOCATION | LASC, rule 2.0<br>Page 1 of 4 |

| SHORT TITLE: CEBALLOS v. FUZE BEVERAGE, LLC, et al. | | CASE NUMBER |
|---|---|---|

| A Civil Case Cover Sheet Category No. | B Type of Action (Check only one) | C Applicable Reasons -See Step 3 Above |
|---|---|---|
| Professional Negligence (25) | ☐ A6017   Legal Malpractice | 1., 2., 3. |
| | ☐ A6050   Other Professional Malpractice (not medical or legal) | 1., 2., 3. |
| Other (35) | ☐ A6025   Other Non-Personal Injury/Property Damage tort | 2.,3. |
| Wrongful Termination (36) | ☐ A6037   Wrongful Termination | 1., 2., 3. |
| Other Employment (15) | ☐ A6024   Other Employment Complaint Case | 1., 2., 3. |
| | ☐ A6109   Labor Commissioner Appeals | 10. |
| Breach of Contract/ Warranty (06) (not Insurance) | ☐ A6004 Breach of Rental/Lease Contract (not Unlawful Detainer or wrongful eviction) | 2., 5. |
| | ☐ A6008   Contract/Warranty Breach -Seller Plaintiff (no fraud/negligence) | 2., 5. |
| | ☐ A6019   Negligent Breach of Contract/Warranty (no fraud) | 1., 2., 5. |
| | ☐ A6028   Other Breach of Contract/Warranty (not fraud or negligence) | 1., 2., 5. |
| Collections (09) | ☐ A6002   Collections Case-Seller Plaintiff | 2., 5., 6. |
| | ☐ A6012   Other Promissory Note/Collections Case | 2., 5. |
| Insurance Coverage (18) | ☐ A6015   Insurance Coverage (not complex) | 1., 2., 5., 8. |
| Other Contract (37) | ☐ A6009   Contractual Fraud | 1., 2., 3., 5. |
| | ☐ A6031   Tortious Interference | 1., 2., 3., 5. |
| | ☐ A6027   Other Contract Dispute(not breach/insurance/fraud/negligence) | 1., 2., 3., 8. |
| Eminent Domain/Inverse Condemnation (14) | ☐ A7300   Eminent Domain/Condemnation       Number of parcels_____ | 2. |
| Wrongful Eviction (33) | ☐ A6023    Wrongful Eviction Case | 2., 6. |
| Other Real Property (26) | ☐ A6018   Mortgage Foreclosure | 2., 6. |
| | ☐ A6032   Quiet Title | 2., 6. |
| | ☐ A6060   Other Real Property (not eminent domain, landlord/tenant, foreclosure) | 2., 6. |
| Unlawful Detainer-Commercial (31) | ☐ A6021   Unlawful Detainer-Commercial (not drugs or wrongful eviction) | 2., 6. |
| Unlawful Detainer-Residential (32) | ☐ A6020   Unlawful Detainer-Residential (not drugs or wrongful eviction) | 2., 6. |
| Unlawful Detainer-Drugs (38) | ☐ A6022   Unlawful Detainer-Drugs | 2., 6. |
| Asset Forfeiture (05) | ☐ A6108   Asset Forfeiture Case | 2., 6. |
| Petition re Arbitration (11) | ☐ A6115   Petition to Compel/Confirm/Vacate Arbitration | 2., 5. |

Side labels: Non-Personal Injury/Property Damage/ Wrongful Death Tort (Cont'd.) | Employment | Contract | Real Property | Unlawful Detainer | Judicial Review

LACIV 109 (Rev. 01/07)
LASC Approved 03-04

**CIVIL CASE COVER SHEET ADDENDUM AND STATEMENT OF LOCATION**

LASC, rule 2.0
Page 2 of 4

| SHORT TITLE: | CASE NUMBER |
|---|---|
| CEBALLOS v. FUZE BEVERAGE, LLC, et al. | . |

| | A<br>Civil Case Cover Sheet<br>Category No. | B<br>Type of Action<br>(Check only one) | C<br>Applicable Reasons -<br>See Step 3 Above |
|---|---|---|---|
| **Judicial Review (Cont'd.)** | Writ of Mandate<br>(02) | ☐ A6151  Writ - Administrative Mandamus<br>☐ A6152  Writ - Mandamus on Limited Court Case Matter<br>☐ A6153  Writ - Other Limited Court Case Review | 2., 8.<br>2.<br>2. |
| | Other Judicial Review<br>(39) | ☐ A6150  Other Writ /Judicial Review | 2., 8. |
| **Provisionally Complex Litigation** | Antitrust/Trade Regulation (03) | ☐ A6003  Antitrust/Trade Regulation | 1., 2., 8. |
| | Construction Defect (10) | ☐ A6007  Construction defect | 1., 2., 3. |
| | Claims Involving Mass Tort (40) | ☐ A6006  Claims Involving Mass Tort | 1., 2., 8. |
| | Securities Litigation (28) | ☐ A6035  Securities Litigation Case | 1., 2., 8. |
| | Toxic Tort Environmental (30) | ☐ A6036  Toxic Tort/Environmental | 1., 2., 3., 8. |
| | Insurance Coverage Claims from Complex Case (41) | ☐ A6014  Insurance Coverage/Subrogation (complex case only) | 1., 2., 5., 8. |
| **Enforcement of Judgment** | Enforcement of Judgment<br>(20) | ☐ A6141  Sister State Judgment<br>☐ A6160  Abstract of Judgment<br>☐ A6107  Confession of Judgment (non-domestic relations)<br>☐ A6140  Administrative Agency Award (not unpaid taxes)<br>☐ A6114  Petition/Certificate for Entry of Judgment on Unpaid Tax<br>☐ A6112  Other Enforcement of Judgment Case | 2., 9.<br>2., 6.<br>2., 9.<br>2., 8.<br>2., 8.<br>2., 8., 9. |
| **Miscellaneous Civil Complaints** | RICO (27) | ☐ A6033  Racketeering (RICO) Case | 1., 2., 8. |
| | Other Complaints (Not Specified Above)<br>(42) | ☐ A6030  Declaratory Relief Only<br>☐ A6040  Injunctive Relief Only (not domestic/harassment)<br>☐ A6011  Other Commercial Complaint Case (non-tort/non-complex)<br>☐ A6000  Other Civil Complaint (non-tort/non-complex) | 1., 2., 8.<br>2., 8.<br>1., 2., 8.<br>1., 2., 8. |
| **Miscellaneous Civil Petitions** | Partnership Corporation Governance(21) | ☐ A6113  Partnership and Corporate Governance Case | 2., 8. |
| | Other Petitions (Not Specified Above)<br>(43) | ☐ A6121  Civil Harassment<br>☐ A6123  Workplace Harassment<br>☐ A6124  Elder/Dependent Adult Abuse Case<br>☐ A6190  Election Contest<br>☐ A6110  Petition for Change of Name<br>☐ A6170  Petition for Relief from Late Claim Law<br>☐ A6100  Other Civil Petition | 2., 3., 9.<br>2., 3., 9.<br>2., 3., 9.<br>2.<br>2., 7.<br>2., 3., 4., 8.<br>2., 9. |

LACIV 109 (Rev. 01/07)<br>LASC Approved 03-04

**CIVIL CASE COVER SHEET ADDENDUM<br>AND STATEMENT OF LOCATION**

LASC, rule 2.0<br>Page 3 of 4

| SHORT TITLE:<br>CEBALLOS v. FUZE BEVERAGE, LLC, et al. | CASE NUMBER |
|---|---|

Item III. *Statement of Location:* Enter the address of the accident, party's residence or place of business, performance, or other circumstance indicated in Item II., Step 3 on Page 1, as the proper reason for filing in the court location you selected.

| REASON: CHECK THE NUMBER UNDER COLUMN C<br>WHICH APPLIES IN THIS CASE<br><br>☒1. ☐2. ☐3. ☐4. ☐5. ☐6. ☐7. ☐8. ☐9. ☐10. | | | ADDRESS:<br>16311 E. Dalark Street |
|---|---|---|---|
| CITY:<br>La Puente | STATE:<br>CA | ZIP CODE:<br>91744 | |

Item IV. *Declaration of Assignment:* I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct and that the above-entitled matter is properly filed for assignment to the Stanley Mosk _____courthouse in the Central _____ District of the Los Angeles Superior Court (Code Civ. Proc., § 392 et seq., and LASC Local Rule 2.0, subds. (b). (c) and (d)).

Dated: July 16, 2008 _____

_____
(SIGNATURE OF ATTORNEY/FILING PARTY)

---

**PLEASE HAVE THE FOLLOWING ITEMS COMPLETED AND READY TO BE FILED IN ORDER TO PROPERLY COMMENCE YOUR NEW COURT CASE:**

1. Original Complaint or Petition.

2. If filing a Complaint, a completed Summons form for issuance by the Clerk.

3. Civil Case Cover Sheet form CM-010.

4. Complete Addendum to Civil Case Cover Sheet form LACIV 109 (Rev. 01/07), LASC Approved 03-04.

5. Payment in full of the filing fee, unless fees have been waived.

6. Signed order appointing the Guardian ad Litem, JC form FL-935, if the plaintiff or petitioner is a minor under 18 years of age, or if required by Court.

7. Additional copies of documents to be conformed by the Clerk. Copies of the cover sheet and this addendum must be served along with the summons and complaint, or other initiating pleading in the case.

SEP. 3. 2008  3:23PM    FUZE BEVERAGE    NO. 6055    P. 28

## SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
### NOTICE OF CASE ASSIGNMENT - UNLIMITED CIVIL CASE

Case Number _____

BC394521

THIS FORM IS TO BE SERVED WITH THE SUMMONS AND COMPLAINT

Your case is assigned for all purposes to the judicial officer indicated below. There is additional information on the reverse side of this form.

| ASSIGNED JUDGE | DEPT | ROOM | ASSIGNED JUDGE | DEPT | ROOM |
|---|---|---|---|---|---|
| Hon. Gregory Alarcon | 36 | 410 | Hon. Mary H. Strobel | 32 | 406 |
| Hon. Conrad Aragon | 49 | 509 | Hon. Ernest M. Hiroshige | 54 | 512 |
| Hon. Helen I. Bendix | 18 | 308 | Hon. Jane L. Johnson | 56 | 514 |
| Hon. Elihu M. Berle | 42 | 416 | Hon. Ann I. Jones | 40 | 414 |
| Hon. Tricia Ann Bigelow | 23 | 315 | Hon. Ruth Ann Kwan | 72 | 731 |
| Hon. Kevin C. Brazile | 20 | 310 | Hon. Charles C. Lee | 33 | 409 |
| Hon. Soussan G. Bruguera | 71 | 729 | Hon. Malcolm H. Mackey | 55 | 515 |
| Hon. Susan Bryant-Deason | 52 | 510 | Hon. Rita Miller | 16 | 306 |
| Hon. Luis A. Lavin | 13 | 630 | Hon. David L. Minning | 61 | 632 |
| Hon. Victoria Chaney* | 324 | CCW | Hon. Aurelio Munoz | 47 | 507 |
| Hon. Judith C. Chirlin | 19 | 311 | Hon. Mary Ann Murphy | 25 | 317 |
| Hon. Ralph W. Dau | 57 | 517 | Hon. Joanne O'Donnell | 37 | 413 |
| Hon. Maureen Duffy-Lewis | 38 | 412 | Hon. Yvette M. Palazuelos | 28 | 318 |
| Hon. James R. Dunn | 26 | 316 | Hon. Mel Red Recana | 45 | 529 |
| Hon. Mark Mooney | 68 | 617 | Hon. Alan S. Rosenfield | 31 | 407 |
| Hon. William F. Fahey | 78 | 730 | Hon. Teresa Sanchez-Gordon | 74 | 735 |
| Hon. Irving S. Feffer | 51 | 511 | Hon. John P. Shook | 53 | 513 |
| Hon. Edward A. Ferns | 69 | 621 | Hon. Ronald M. Sohigian | 41 | 417 |
| Hon. Kenneth R. Freeman | 64 | 601 | Hon. Michael C. Solner | 39 | 415 |
| Hon. Richard Fruin | 15 | 307 | Hon. Michael L. Stern | 62 | 600 |
| Hon. Terry A. Green | 14 | 300 | Hon. Rolf M. Treu | 58 | 516 |
| Hon. Elizabeth A. Grimes | 30 | 400 | Hon. Elizabeth Allen White | 48 | 506 |
| Hon. Paul Gutman | 34 | 408 | Hon. John Shepard Wiley Jr. | 50 | 508 |
| Hon. Robert L. Hess | 24 | 314 | Hon. Mary Thornton-House | 17 | 309 |
| | | | Other | | |
| | | | | | |

*Class Actions

Given to the Plaintiff/Cross-Complainant/Attorney of Record on _____    JOHN A. CLARKE, Executive Officer/Clerk

By _____, Deputy Clerk

LACIV CCH 190 (Rev. 01/06)
LASC Approved 05-06

**NOTICE OF CASE ASSIGNMENT —
UNLIMITED CIVIL CASE**

Page 1 of 2

 

## INSTRUCTIONS FOR HANDLING UNLIMITED CIVIL CASES

The following critical provisions of the Chapter Seven Rules, as applicable in the Central District, are summarized for your assistance.

### APPLICATION

The Chapter Seven Rules were effective January 1, 1994. They apply to all general civil cases.

### PRIORITY OVER OTHER RULES

The Chapter Seven Rules shall have priority over all other Local Rules to the extent the others are inconsistent.

### CHALLENGE TO ASSIGNED JUDGE

A challenge under Code of Civil Procedure section 170.6 must be made within 15 days after notice of assignment for all purposes to a judge, or if a party has not yet appeared, within 15 days of the first appearance.

### TIME STANDARDS

Cases assigned to the Individual Calendaring Court will be subject to processing under the following time standards:

**COMPLAINTS:** All complaints shall be served within 60 days of filing and proof of service shall be filed within 90 days of filing.

**CROSS-COMPLAINTS:** Without leave of court first being obtained, no cross-complaint may be filed by any party after their answer is filed. Cross-complaints shall be served within 30 days of the filing date and a proof of service filed within 60 days of the filing date.

A Status Conference will be scheduled by the assigned Independent Calendar Judge no later than 270 days after the filing of the complaint. Counsel must be fully prepared to discuss the following issues: alternative dispute resolution, bifurcation, settlement, trial date, and expert witnesses.

### FINAL STATUS CONFERENCE

The Court will require the parties at a status conference not more than 10 days before the trial to have timely filed and served all motions in limine, bifurcation motions, statements of major evidentiary issues, dispositive motions, requested jury instructions, and special jury instructions and special jury verdicts. These matters may be heard and resolved at this conference. At least 5 days before this conference, counsel must also have exchanged lists of exhibits and witnesses and have submitted to the court a brief statement of the case to be read to the jury panel as required by Chapter Eight of the Los Angeles Superior Court Rules.

### SANCTIONS

The court will impose appropriate sanctions for the failure or refusal to comply with Chapter Seven Rules, orders made by the Court, and time standards or deadlines established by the Court or by the Chapter Seven Rules. Such sanctions may be on a party or if appropriate on counsel for the party.

**This is not a complete delineation of the Chapter Seven Rules, and adherence only to the above provisions is therefore not a guarantee against the imposition of sanctions under Trial Court Delay Reduction. Careful reading and compliance with the actual Chapter Rules is absolutely imperative.**

### *Class Actions

All class actions are initially assigned to Judge Victoria Chaney in Department 324 of the Central Civil West courthouse (600 S. Commonwealth Ave., Los Angeles 90005). This assignment is for pretrial purposes and for the purpose of assessing whether or not the case is complex within the meaning of California Rules of Court, rule 3.400. Depending on the outcome of that assessment, the class action case may be reassigned to one of the judges of the Complex Litigation Program or reassigned randomly to a court in the Central District.

OE ˙d    SS09 ˙ON ·    39Aʁ3ʌ38 3ZNɟ · · Wd£Z:£ · 800Z ˙£ ˙d3S



*from the*
### LOS ANGELES SUPERIOR COURT
### *ADR* DEPARTMENT

If you have a general jurisdiction case involving one of these 6 subject matter areas:

- commercial
- employment
- medical malpractice
- real estate
- trade secrets
- unfair competition

## *Your case may be eligible for the court's pilot Early Neutral Evaluation (ENE) program.*

◆ **ENE can reduce litigation time and costs and promote settlement.**

◆ ENE is an informal process that offers a non-binding evaluation by an experienced neutral lawyer with expertise in the subject matter of the case. After counsel present their claims and defenses, the neutral evaluates the case based on the law and the evidence.

◆ **ENE is voluntary and confidential.**

◆ The benefits of ENE include helping to clarify, narrow or eliminate issues, identify areas of agreement, offer case-planning suggestions and, if requested by the parties, assist in settlement.

◆ **The first three (3) hours of the ENE session are free of charge.**

See back for a list of participating pilot courthouses and departments.

*For additional ENE information, visit the Court's web site at www.lasuperiorcourt.org/adr*

# PARTICIPATING PILOT COURTHOUSES:

(General Jurisdiction Case Only)

- **Chatsworth**
- **Pomona**
- **Santa Monica**
- **Van Nuys**
- **Stanley Mosk** (Departments listed below only.)

> Department 15
>
> Department 16
>
> Department 28
>
> Department 30
>
> Department 31
>
> Department 32
>
> Department 38
>
> Department 42
>
> Department 47
>
> Department 50
>
> Department 52
>
> Department 55
>
> Department 56
>
> Department 68
>
> Department 71
>
> Department 89

05/11/06

 

## LOS ANGELES SUPERIOR COURT
## CIVIL ALTERNATIVE DISPUTE RESOLUTION (ADR) PROGRAMS
[CRC 3.221 Information about Alternative Dispute Resolution]

The plaintiff shall serve a copy of the ADR Information package on each defendant along with the complaint.

### ADR PROGRAMS

"Alternative Dispute Resolution (ADR)" is the term used to describe all the other options available for settling a dispute which once had to be settled in court. ADR processes such as arbitration, mediation, early neutral evaluation (ENE), and settlement conferences, are less formal than court and provide opportunities for litigants to reach an agreement using a problem-solving approach rather than the more adversarial approach of litigation.

**MEDIATION**  A neutral third party called a "mediator" helps participants in the dispute create their own resolution. The mediator helps facilitate a discussion in which the parties reach a mutually agreed upon settlement. Therefore, mediation allows for more creative resolutions to disputes than other ADR processes.

The Court Mediation Program is governed by Code of Civil Procedure sections 1775-1775.15, California Rules of Court, Rules 3.850-3.868 and 3.870-3.878; Evidence Code sections 1115-1128, and Los Angeles Superior Court Rules, Chapter 12.

**ARBITRATION**  A neutral third party called an "arbitrator" listens to each side in the dispute present its case. The arbitrator, who is an attorney, issues a decision based on the evidence. Although evidence is presented, arbitration is a less formal process than litigation. The decision is non-binding unless the parties agree in writing to binding arbitration.

The Court Arbitration Program is governed by Code of Civil Procedure sections 1141.10-1141.31, California Rules of Court, Rules 3.810-3.830, and Los Angeles Superior Court Rules, Chapter 12.

**ENE**  A neutral third party called an "evaluator" will provide the parties and their counsel, on a voluntary basis and in a confidential session, the opportunity to make summary presentations of their claims and defenses, including key evidence. After hearing the presentations, the evaluator, who is an experienced lawyer with subject-matter expertise, offers a non-binding evaluation.

The evaluator will also help clarify, narrow or eliminate issues, identify areas of agreement, offer case-planning suggestions, and, if requested by parties, settlement assistance. Although settlement is not the primary goal of ENE, the ENE process can reduce litigation time and costs and promote settlement.

The Court ENE Program is governed by Los Angeles Superior Court Rules, Chapter 12.

**SETTLEMENT CONFERENCE**  A neutral third party called a "settlement officer," who is also a retired judge, assists the parties in negotiating their own settlement and may evaluate the strengths and weaknesses of the case.

### JURISDICTIONAL LIMITATIONS

**MEDIATION, ARBITRATION & ENE**  Any case in which the amount in dispute is between $25,000-$50,000 per plaintiff, and was not previously referred to the Court ADR Program, can be sent to the Court ADR Program for mediation, arbitration, or ENE by stipulation, election by plaintiff or order of the court.

Parties may *voluntarily* request or initiate a mediation or arbitration proceeding, regardless of the amount in dispute.

**SETTLEMENT CONFERENCE**  Any case, regardless of the amount in dispute, may be ordered to a settlement conference. There is no monetary limit.

### REFERRAL INFORMATION

After the Court determines the suitability of a case for ADR, the Court directs the parties to the ADR Department to initiate the ADR process. Once the parties have completed the ADR intake forms, a Neutral may be selected.

ADR 005 10-03
LASC Approved
(Rev. 01-07)

Page 1 of 2




## NEUTRAL SELECTION

Parties may select a mediator or arbitrator from the Court Party Pay Panel or Pro Bono Panel or may hire someone privately, at their discretion. Parties are assigned to a settlement officer by court staff.

## COURT ADR PANELS

| | |
|---|---|
| PARTY PAY PANEL | The Party Pay Panel consists of mediators and arbitrators who have achieved a specified level of experience in court-connected cases. The parties (collectively) may be charged $150.00 per hour for the first three hours of hearing time. Thereafter, the parties may be charged for additional hearing time on an hourly basis at rates established by the mediator or arbitrator if the parties consent in writing. |
| PRO BONO PANEL | The Pro Bono Panel consists of trained mediators and arbitrators who have not yet gained the experience to qualify for the Party Pay Panel and experienced mediators and arbitrators who make themselves available pro bono. Mediators and arbitrators donate their time to the courts as a way of supporting the judicial system. It is the policy of the Court that all pro bono volunteer mediators and arbitrators provide three hours hearing time per case. Thereafter, the parties may be charged for additional hearing time on an hourly basis at rates established by the mediator or arbitrator if the parties consent in writing. |
| ENE | The Court ENE Panel consists of experienced lawyers who have been trained to serve as neutral evaluators. The evaluators provide preparation time and three hours hearing time per case at no charge. Thereafter, the parties may be charged for additional hearing time on an hourly basis at rates established by the evaluator if the parties consent in writing. |
| PRIVATE NEUTRAL | The market rate for private neutrals can range from $200-$1,000 per hour. |

For additional information, visit the Court ADR web application at **www.lasuperiorcourt.org** (click on ADR).

Partially Funded by the Los Angeles County Dispute Resolution Program

SEP. 3. 2008. 3:25PM    FUZE BEVERAGE    NO. 6055    P. 34

| NAME, ADDRESS, AND TELEPHONE NUMBER OF ATTORNEY OR PARTY WITHOUT ATTORNEY: | STATE BAR NUMBER | Reserved for Clerk's File Stamp |
|---|---|---|

ATTORNEY FOR (Name):

## SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES

COURTHOUSE ADDRESS:

PLAINTIFF:

DEFENDANT:

| STIPULATION TO PARTICIPATE IN<br>ALTERNATIVE DISPUTE RESOLUTION (ADR) | CASE NUMBER: |
|---|---|

The undersigned parties stipulate to participate in an Alternative Dispute Resolution (ADR) process in the above-entitled action, as follows:

☐ Mediation

☐ Non-Binding Arbitration

☐ Binding Arbitration

☐ Early Neutral Evaluation

☐ Settlement Conference

☐ Other ADR Process (describe): _____

Dated: _____

| | | |
|---|---|---|
| Name of Stipulating Party<br>☐ Plaintiff ☐ Defendant ☐ Cross-defendant | Name of Party or Attorney Executing Stipulation | Signature of Party or Attorney |
| Name of Stipulating Party<br>☐ Plaintiff ☐ Defendant ☐ Cross-defendant | Name of Party or Attorney Executing Stipulation | Signature of Party or Attorney |
| Name of Stipulating Party<br>☐ Plaintiff ☐ Defendant ☐ Cross-defendant | Name of Party or Attorney Executing Stipulation | Signature of Party or Attorney |
| Name of Stipulating Party<br>☐ Plaintiff ☐ Defendant ☐ Cross-defendant | Name of Party or Attorney Executing Stipulation | Signature of Party or Attorney |

☐ Additional signature(s) on reverse

STIPULATION TO PARTICIPATE IN
ALTERNATIVE DISPUTE RESOLUTION (ADR)

Cal. Rules of Court, rule 3.221
Page 1 of 2

SEP. 3. 2008  3:25PM    FUZE BEVERAGE                    NO. 6055    P. 35

| Short Title | Case Number |
|---|---|
| | |

| Name of Stipulating Party<br>☐ Plaintiff  ☐ Defendant  ☐ Cross-defendant | Name of Party or Attorney Executing Stipulation | Signature of Party or Attorney |
|---|---|---|
| Name of Stipulating Party<br>☐ Plaintiff  ☐ Defendant  ☐ Cross-defendant | Name of Party or Attorney Executing Stipulation | Signature of Party or Attorney |
| Name of Stipulating Party<br>☐ Plaintiff  ☐ Defendant  ☐ Cross-defendant | Name of Party or Attorney Executing Stipulation | Signature of Party or Attorney |
| Name of Stipulating Party<br>☐ Plaintiff  ☐ Defendant  ☐ Cross-defendant | Name of Party or Attorney Executing Stipulation | Signature of Party or Attorney |
| Name of Stipulating Party<br>☐ Plaintiff  ☐ Defendant  ☐ Cross-defendant | Name of Party or Attorney Executing Stipulation | Signature of Party or Attorney |
| Name of Stipulating Party<br>☐ Plaintiff  ☐ Defendant  ☐ Cross-defendant | Name of Party or Attorney Executing Stipulation | Signature of Party or Attorney |
| Name of Stipulating Party<br>☐ Plaintiff  ☐ Defendant  ☐ Cross-defendant | Name of Party or Attorney Executing Stipulation | Signature of Party or Attorney |
| Name of Stipulating Party<br>☐ Plaintiff  ☐ Defendant  ☐ Cross-defendant | Name of Party or Attorney Executing Stipulation | Signature of Party or Attorney |
| Name of Stipulating Party<br>☐ Plaintiff  ☐ Defendant  ☐ Cross-defendant | Name of Party or Attorney Executing Stipulation | Signature of Party or Attorney |
| Name of Stipulating Party<br>☐ Plaintiff  ☐ Defendant  ☐ Cross-defendant | Name of Party or Attorney Executing Stipulation | Signature of Party or Attorney |



CC PY

1   MILSTEIN, ADELMAN & KREGER, LLP
      Wayne S. Kreger, State Bar No. 154759
2   wkreger@maklawyers.com
      Peter J. Farnese, State Bar No. 251204
3   pfarnese@maklawyers.com
      2800 Donald Douglas Loop North
4   Santa Monica, California 90405
      Telephone: (310) 396-9600
5   Fax: (310) 396-9635

6   Attorneys for Plaintiff,
      Laura Ceballos
7

CONFORMED COPY
OF ORIGINAL FILED
Los Angeles Superior Court

JUL 1 6 2008

John A. Clarke, Executive Officer/Clerk

By _____ Deputy
        D.M. SWAIN

8                 SUPERIOR COURT FOR THE STATE OF CALIFORNIA

9                       FOR THE COUNTY OF LOS ANGELES

10

11   LAURA CEBALLOS, individually and on behalf   )   Case No.
      of all others similarly situated,                     )                           BC394521
12                                           )   CLASS ACTION
                      Plaintiffs,               )
13                                       )   DECLARATION OF WAYNE S.
        vs.                               )   KREGER REGARDING VENUE [CAL.
14                                       )   CIVIL CODE § 1780(c)]
      FUZE BEVERAGE, LLC, a Delaware Limited   )
15   Liability Company; LANCE COLLINS, an       )
      individual; and DOES 1 through 100, inclusive,   )
16                                       )
                    Defendants.           )
17                                       )

18                                       )

19                                       )

20

21

22

23

24

25

26

27

28

                                    1
                      DECLARATION REGARDING VENUE

## DECLARATION OF WAYNE S. KREGER

I, Wayne S. Kreger, do hereby declare and state as follows:

1.      I am attorney and Partner at the Law Offices of Milstein, Adelman & Kreger LLP, counsel of record for Plaintiff Laura Ceballos, et al., and am licensed to practice before all courts in the State of California. I have personal knowledge of all of the facts stated herein, and if called to testify as a witness, I could and would competently testify to them.

2.      This Court is proper for trial of this action because Defendants are doing business in Los Angeles County, California and the transaction at issue and the subject matter of the above-captioned action occurred in Los Angeles County.


I declare and state under the penalty of perjury that the foregoing is true and correct. Executed on July 16, 2008 at Santa Monica, California.

_____
Wayne S. Kreger, Declarant

2
DECLARATION REGARDING VENUE

1  MILSTEIN, ADELMAN & KREGER, LLP
   Wayne S. Kreger, State Bar No. 154759
2  wkreger@maklawyers.com
   Peter J. Farnese, State Bar No. 251204
3  pfarnese@maklawyers.com
   2800 Donald Douglas Loop North
4  Santa Monica, California 90405
   Telephone: (310) 396-9600
5  Fax: (310) 396-9635

6  Attorneys for Plaintiff,
   Laura Ceballos
7

8            SUPERIOR COURT FOR THE STATE OF CALIFORNIA

9                  FOR THE COUNTY OF LOS ANGELES

10
   LAURA CEBALLOS, individually and on behalf )   Case No. BC 394521
11 of all others similarly situated,            )
                                                )   (Assigned for all purposes to the Honorable
12          Plaintiffs,                          )   Carl J. West, Dept. 311)
                                                )
13    vs.                                        )   **CLASS ACTION**
                                                )
14                                               )   **NOTICE OF COMPLEX DESIGNATION**
   FUZE BEVERAGE, LLC, a Delaware Limited       )
15 Liability Company; LANCE COLLINS, an          )
   individual; and DOES 1 through 100, inclusive,)
16                                               )
          Defendants.                            )
17                                               )   **Complaint Filed:** July 16, 2008
                                                )   **Trial Date:** None Set
18                                               )
19                                               )

20

21 TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

22      NOTICE IS HEREBY GIVEN THAT on July 28, 2008, the Court made its initial

23 determination that this case is deemed complex pursuant to Rule 3.400 of the California Rules of

24 Court and is assigned for all purposes to the Honorable Carl J. West, Dept. 311.  Attached herewith

25 is a copy of the Court's Order designating the case as complex.

26

27

28                                               1
                         NOTICE OF COMPLEX DESIGNATION

Milstein, Adelman &Kreger, LLP
2800 Donald Douglas Loop North
Santa Monica, California 90405

DATED: August 26, 2008

MILSTEIN, ADELMAN & KREGER, LLP

By: _____
    Wayne S. Kreger
    Peter J. Farnese
    Attorneys for Plaintiff
    Laura Ceballos and the Class

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

Milstein, Adelman &Kreger, LLP
2800 Donald Douglas Loop North
Santa Monica, California 90405

2
**NOTICE OF COMPLEX DESIGNATION**

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES

DATE: 07/28/08                                                    DEPT. 324

HONORABLE VICTORIA CHANEY          JUDGE    E. SABALBURO          DEPUTY CLERK

HONORABLE                          JUDGE PRO TEM                  ELECTRONIC RECORDING MONITOR

        NONE              Deputy Sheriff    NONE                      Reporter

| | | |
|---|---|---|
| 8:30 am | BC394521 | Plaintiff Counsel |
| | LAURA CEBALLOS | NO APPEARANCES |
| | VS | Defendant |
| | FUZE BEVERAGE LLC ET AL | Counsel |
| | DEEMED COMPLEX (07-28-08) | |

NATURE OF PROCEEDINGS:

MILSTEIN, ADELMAN & KREGER, LLP
Wayne S. Kreger, Esq.
2800 Donald Douglas Loop North
Santa Monica, California  90405

MINUTES ENTERED
07/28/08
COUNTY CLERK

## SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES

DATE: 07/28/08

| | | DEPT. 324 |
|---|---|---|
| HONORABLE VICTORIA CHANEY | JUDGE E. SABALBURO | DEPUTY CLERK |
| HONORABLE | JUDGE PRO TEM | ELECTRONIC RECORDING MONITOI |
| NONE | Deputy Sheriff NONE | Reporter |

| | | | |
|---|---|---|---|
| 8:30 am | BC394521 | Plaintiff Counsel | NO APPEARANCES |
| | LAURA CEBALLOS VS FUZE BEVERAGE LLC ET AL | Defendant Counsel | |
| | DEEMED COMPLEX (07-28-08) | | |

**NATURE OF PROCEEDINGS:**

Any party objecting to the complex designation must file an objection and proof of service in Department 324 within ten (10) days of service of this minute order. Any response to the objection must be filed in Department 324 within seven (7) days of service of the objection. This Court will make its ruling on the submitted pleadings.

CLERK'S CERTIFICATE OF MAILING/
NOTICE OF ENTRY OF ORDER

I, the below named Executive Officer/Clerk of the above-entitled court, do hereby certify that I am not a party to the cause herein, and that this date I served Notice of Entry of the above minute order of 08-01-08 upon each party or counsel named below by depositing in the United States mail at the courthouse in Los Angeles, California, one copy of the original entered herein in a separate sealed envelope for each, addressed as shown below with the postage thereon fully prepaid.

Date: 08-01-08

John A. Clarke, Executive Officer/Clerk

By:    **KIN HILAIRE**
         K. HILAIRE

Page    2 of  3    DEPT. 324

MINUTES ENTERED
07/28/08
COUNTY CLERK

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES

DEPT. 324

DATE: 07/28/08

HONORABLE VICTORIA CHANEY    JUDGE  E. SABALBURO    DEPUTY CLERK

HONORABLE                    JUDGE PRO TEM         ELECTRONIC RECORDING MONITO

NONE    Deputy Sheriff   NONE                    Reporter

8:30 am  BC394521                      Plaintiff
                                       Counsel     NO APPEARANCES
         LAURA CEBALLOS
         VS                            Defendant
         FUZE BEVERAGE LLC ET AL       Counsel

         DEEMED COMPLEX (07-28-08)

NATURE OF PROCEEDINGS:

COURT ORDER

This Court makes its determination whether or not this case should be deemed complex pursuant to Rule 3.400 of the California Rules of Court.

This case is designated complex and is reassigned to Judge Carl J. West in Department 311 at Central Civil West Courthouse for all further proceedings.

Notice of Initial Status Conference is to be given by the Clerk in Department 311. Until the order setting the Initial Status Conference is issued, no responsive pleadings may be filed and all discovery is stayed. Parties may file a Notice of Appearance in lieu of an answer or responsive pleading. Nothing herein stays the time for filing an affidavit of prejudice pursuant to Code of Civil Procedure section 170.6.

Pursuant to Government Code section 70616(c), each party is ordered to pay $550.00 for complex fees, payable to Los Angeles Superior Court, within ten (10) calendar days of service of this minute order.

Plaintiff is ordered to serve a copy of this minute order on all parties forthwith and file a proof of service in the assigned department within seven (7) days of service.

                    Page   1 of  3    DEPT. 324

MINUTES ENTERED
07/28/08
COUNTY CLERK

1

PROOF OF SERVICE

2

STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

3

4     I am employed in the County of LOS ANGELES, State of CALIFORNIA. I am over the age
of 18 and not a party to within action; my business address 2800 **Donald Douglas Loop North,
Santa Monica, California 90405.**

5

6     On August 26, 2008, I served the foregoing documents described as:

7

**NOTICE OF COMPLEX DESIGNATION**

8     **LAURA CEBALLOS v. FUZE BEVERAGE, LLC, ET AL.
CASE NO.: BC394521**

9

10    on interested parties in this action by successfully transmitting via U.S. mail to the offices of

11                                    [See attached service list]

12    xxxx    (BY FEDEX) I caused such envelopes with postage thereon fully prepaid to be placed in the
United States mail at Santa Monica, California.

13    Executed on August 26, 2008 at **Santa Monica, California.**

14    _____    (By Facsimile) I caused such documents to be successfully transmitted via electronic mail to
the offices of the above addresses.

15

16    _____    (By Personal Service) I caused such envelope to be hand delivered to the offices of the
addressees.

17

18    xxxx    (STATE) I declare under penalty of perjury under the laws of the State of California that the
above is true and correct.

19

20    _____    (Federal) I declare that I am employed in the office of a member of the bar of this court at
whose direction the service was made.

21

22                                            Lily Puleo

23

24

25

26

27

28

1

**Laura Ceballos v. Fuze Beverage, LLC, et al.**
*Superior Court of California, Los Angeles; Case No. BC394521*
**Service List**

| | |
|---|---|
| Agent for Service of Process<br>**FUZE BEVERAGE LLC**<br>Corporation Service Company<br>2711 Centerville Road, Suite 400<br>Wilmington, DE 19808 | David F. McDowell<br>**MORRISON & FOERSTER**<br>555 West Fifth Street, Suite 3500<br>Los Angeles, CA 90013-1024<br><br>Telephone: (213) 892-5200<br>Facsimile: (213) 892-5454<br>dmcdowell@mofo.com<br><br>*Courtesy Copy* |

**MILSTEIN, ADELMAN & KREGER, LLP**
Wayne S. Kreger, State Bar No. 154759
wkreger@maklawyers.com
Peter J. Farnese, State Bar No. 251204
pfarnese@maklawyers.com
2800 Donald Douglas Loop North
Santa Monica, California 90405
Telephone: (310) 396-9600
Fax: (310) 396-9635

Attorneys for Plaintiff,
Laura Ceballos

**SUPERIOR COURT FOR THE STATE OF CALIFORNIA**

**FOR THE COUNTY OF LOS ANGELES**

| | |
|---|---|
| LAURA CEBALLOS, individually and on behalf of all others similarly situated, | Case No. BC 394521 |
| Plaintiffs, | (Assigned for all purposes to the Honorable Carl J. West, Dept. 311) |
| vs. | **CLASS ACTION** |
| FUZE BEVERAGE, LLC, a Delaware Limited Liability Company; LANCE COLLINS, an individual; and DOES 1 through 100, inclusive, | **NOTICE OF ORDER SETTING INITIAL STATUS CONFERENCE** |
| Defendants. | |
| | **Complaint Filed:** July 16, 2008 **Trial Date:** None Set |

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

NOTICE IS HEREBY GIVEN THAT on August 12, 2008, the Court has set the Initial Status Conference in the above-entitled action to be held on October 15, 2008 at 1:30 p.m. in Department 311 of the Central Civil West Courthouse, located at 600 S Commonwealth Ave, Los Angeles, California 90005. Attached herewith are copies of the Court's Initial Status Conference Order and Order Setting Initial Status Conference.

1

**NOTICE OF ORDER SETTING INITIAL STATUS CONFERENCE**

1

DATED: August 26, 2008                          MILSTEIN, ADELMAN & KREGER, LLP

2

3

By:

4
                                                Wayne S. Kreger
                                                Peter J. Farnese
5                                               Attorneys for Plaintiff
                                                Laura Ceballos and the Class
6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Milstein, Adelman &Kreger, LLP
2800 Donald Douglas Loop North
Santa Monica, California 90405

2

NOTICE OF ORDER SETTING INITIAL STATUS CONFERENCE

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES

| DATE: 08/13/08 | | DEPT. 311 |
|---|---|---|
| HONORABLE Carl J. West | JUDGE R. Rully | DEPUTY CLERK |
| HONORABLE | JUDGE PRO TEM | ELECTRONIC RECORDING MONITO. |
| S. Zuckerman, C.A. | Deputy Sheriff NONE | Reporter |

| BC394521 | Plaintiff<br>Counsel | **NO APPEARANCES** |
|---|---|---|
| LAURA CEBALLOS<br>VS<br>FUZE BEVERAGE LLC ET. AL | Defendant<br>Counsel | |
| DEEMED COMPLEX (07-28-08) | | |

**NATURE OF PROCEEDINGS:**

COURT'S ISSUANCE OF INITIAL STATUS CONFERENCE ORDER
AND ORDER SETTING INITIAL STATUS CONFERENCE:

The Court, in receipt of the above-entitled case
pursuant to the July 28, 2008 Order of Judge Victoria
Chaney assigning the case to this department for all
further proceedings, makes Orders as follows:

An Initial Status Conference is set for October
15, 2008, at 1:30 P.M., in Department CCW-311.

The Court's Initial Status Conference Order,
signed and filed on August 12, 2008, is served upon
Plaintiffs' counsel this date in the manner indicated
below.

In anticipation of the October 15, 2008 Initial
Status Conference, Plaintiffs' counsel shall take the
lead in the parties' preparation of a Joint Initial
Status Conference Report, pursuant to the Court's
instructions on Pages 2 and 3 of the Court's Initial
Status Conference Order. The parties shall file an
original and one "courtesy" copy of the Joint Initial
Status Conference Report directly in Department CCW-
311, on or before October 10, 2008.

The Court will make a Status Conference Agenda
available on the court's website (www.lasuperiorcourt.
org) prior to the Initial Status Conference.

Page    1 of 3    DEPT. 311

MINUTES ENTERED
08/13/08
COUNTY CLERK

## SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES

DATE: 08/13/08                                                          DEPT. 311

HONORABLE Carl J. West          JUDGE | R. Rully          DEPUTY CLERK

HONORABLE                 JUDGE PRO TEM          ELECTRONIC RECORDING MONITO

S. Zuckerman, C.A.    Deputy Sheriff | NONE          Reporter

---

BC394521

LAURA CEBALLOS
VS
FUZE BEVERAGE LLC ET AL

DEEMED COMPLEX (07-28-08)

| Plaintiff Counsel | |
| Defendant Counsel | |

**NO APPEARANCES**

---

NATURE OF PROCEEDINGS:

CLERK'S CERTIFICATE OF MAILING/
NOTICE OF ENTRY OF ORDER

I, the below named Executive Officer/Clerk of the
above-entitled court, do hereby certify that I am not
a party to the cause herein, and that this date I
served the above Minute Order of August 13, 2008, and
the Court's Initial Status Conference Order of August
12, 2008, upon Plaintiffs' counsel named below by
depositing in the United States mail at the courthouse
in Los Angeles, California, one copy of each of the
originals, in a separate sealed envelope for each,
addressed as shown below, with postage prepaid, as
well as by electronic mail transmissions to the
electronic mail addresses of counsel set forth below.

Date: 8/13/08

John A. Clarke, Executive Officer/Clerk

By: _____
         R. Rully

Page   2 of 3   DEPT. 311

MINUTES ENTERED
08/13/08
COUNTY CLERK

## SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES

| | | |
|---|---|---|
| DATE: 08/13/08 | | DEPT. 311 |
| HONORABLE Carl J. West          JUDGE | R. Rully | DEPUTY CLERK |
| HONORABLE                  JUDGE PRO TEM | | ELECTRONIC RECORDING MONITO: |
| S. Zuckerman, C.A.      Deputy Sheriff | NONE | Reporter |

| | | |
|---|---|---|
| BC394521 | Plaintiff Counsel | |
| LAURA CEBALLOS | | **NO APPEARANCES** |
| VS | Defendant | |
| FUZE BEVERAGE LLC ET AL | Counsel | |
| | | |
| DEEMED COMPLEX (07-28-08) | | |

### NATURE OF PROCEEDINGS:

Wayne S. Kreger, Esq.,
Peter J. Farnese, Esq.,
MILSTEIN, ADELMAN & KREGER, LLP,
2800 Donald Douglas Loop North,
Santa Monica, CA,
90405

wkreger@maklawyers.com
pfarnese@maklawyers.com

Page   3 of  3    DEPT. 311

MINUTES ENTERED
08/13/08
COUNTY CLERK

1

2       **ORIGINAL FILED**

3

4                                    AUG 1 2 2008

5                                   **LOS ANGELES**
                                    **SUPERIOR COURT**

6

7

8       SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES

9

10      LAURA CEBALLOS, individually and on      )   Case No.: BC394521
        behalf of all others similarly situated,  )
11                                               )   INITIAL STATUS CONFERENCE ORDER
                                                 )   (COMPLEX LITIGATION PROGRAM)
12                    Plaintiff,                 )   Case assigned for all purposes to
                 vs.                             )   Judge Carl J. West
13                                               )
        FUZE BEVERAGE, LLC, a Delaware           )   Department:    311
14      Limited Liability Company; LANCE         )   Date:          October 15, 2008
        COLLINS; and DOES 1-100, inclusive,      )   Time:          1:30 p.m.
15                                               )
                                                 )
16                    Defendants.                )
                                                 )
17                                               )
                                                 )
18                                               ) .
                                                 )
19      ----------------------------------------

20

21

22      This case has been assigned for all purposes to Judge Carl J. West in the Complex

23      Litigation Program. An Initial Status Conference is set for October 15, 2008 at 1:30 p.m., in

24      Department 311 located in the Central Civil West Courthouse at 600 South Commonwealth

        Avenue, Los Angeles, California 90005. Counsel for all parties are ordered to attend.

25

                        Initial Status Conference Order - 1

Prior to the Initial Status Conference, Counsel for all parties are ordered to meet and
confer in person (no later than 15 days before the Conference) and discuss the following areas.
Additionally, counsel shall be prepared to discuss these issues with the Court at the Initial Status
Conference.

  1. Consideration of any issues of recusal or disqualification;

  2. Issues of law that, if considered by the court, may simplify or further resolution of
the case;

  3. Appropriate alternative dispute resolution (ADR) mechanisms (e.g., mediation,
mandatory settlement conference, arbitration, mini-trial, etc.);

  4. A plan for preservation of evidence and a uniform system for identification of
documents throughout the course of this litigation;

  5. A plan for document disclosure/production and additional discovery; which will
generally be conducted under court supervision and by court order;

  6. Whether it is advisable to address discovery in phases so that information needed
to conduct meaningful ADR is obtained early in the case (Counsel should
consider whether they will stipulate to limited merits discovery in advance of
certification proceedings), allowing the option to complete discovery if the ADR
effort is unsuccessful;

  7. Any issues involving the protection of evidence and confidentiality;

  8. The handling of any potential publicity issues;

Counsel for plaintiff is to take the lead in preparing a Joint Initial Status Conference
Report to be filed five court days prior to the Initial Status Conference. The Joint Initial Status
Conference Report is to include the following:

  1. A statement as to whether additional parties are likely to be added and a proposed
date by which all parties must be served;

Initial Status Conference Order - 2

2.  Service list (service list should identify all primary and secondary counsel, firm names, addresses, telephone numbers, email addresses and fax numbers for all counsel).  The Court will issue an Order requiring electronic service.  Counsel are to advise the Court regarding their preferred web-based electronic service provider at the time of the conference;

3.  A description of all discovery completed to date and any outstanding discovery as of the date of the conference;

4.  Applicability and enforceability of arbitration clauses, if any;

5.  A list of all related litigation pending in other courts, a brief description of any such litigation, and a statement as to whether any additional related litigation is anticipated;

6.  A description of core factual and legal issues—the parties should address any specific representations or advertising materials relied upon by Plaintiff;

7.  The parties' tentative views on an ADR mechanism and how such mechanism might be integrated into the course of the litigation;

8.  Whether discovery should be conducted in phases or limited; and if so, the order of phasing or types of limitations of discovery (the parties should address the issue of limited merits discovery in advance of class certification motions);

9.  A plan for approaching the discovery of electronically stored information.

To the extent the parties are unable to agree on the matters to be addressed in the Joint Initial Status Conference Report, the positions of each party or of various parties shall be set forth separately and attached to this report as addenda.  The parties are encouraged to propose, either jointly or separately, any approaches to case management that they believe will promote the fair and efficient handling of this case.  The Court is particularly interested in identifying

1    potentially dispositive or significant threshold issues the early resolution of which may assist in

2    moving the case toward effective ADR and/or a final disposition.

3

4        A copy of the Court's Guidelines for Motions relating to Class Certification is attached to

5    this Order. The Court may set a briefing schedule for Plaintiff's class certification motion at the

6    time of the conference.

7

8        Pending further order of this Court, and except as otherwise provided in this Initial Status

9    Conference Order, these proceedings are stayed in their entirety. This stay shall preclude the

10   filing of any answer, demurrer, motion to strike, or motions challenging the jurisdiction of the

11   Court; however, any defendant may file a Notice of Appearance for purposes of identification of

12   counsel and preparation of a service list. The filing of such a Notice of Appearance shall be

13   without prejudice to any challenge to the jurisdiction of the Court, substantive or procedural

14   challenges to the Complaint, without prejudice to any affirmative defense, and without prejudice

15   to the filing of any cross-complaint in this action. This stay is issued to assist the Court and the

16   parties in managing this "complex" case through the development of an orderly schedule for

17   briefing and hearings on procedural and substantive challenges to the complaint and other issues

18   that may assist in the orderly management of these cases. This stay shall not preclude the parties

19   from continuing to informally exchange documents that may assist in their initial evaluation of

20   the issues presented in this case, however shall stay all outstanding discovery requests.

21

22       Service of the summons and complaint on all named defendants is to be completed within

23   twenty (20) days of the date of this order.

24

25

Initial Status Conference Order - 4

1    Plaintiff's counsel is directed to serve a copy of this Initial Status Conference Order on

2   counsel for all parties, or if counsel has not been identified, on all parties, within twenty (20)

3   days of service of this order.

4

5   Dated: August 12, 2008

6                                                        CARL J. WEST

7                                            _____
                                             Carl J. West, Judge of the Superior Court

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

Initial Status Conference Order - 5

PROOF OF SERVICE

STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

I am employed in the County of LOS ANGELES, State of CALIFORNIA.  I am over the age of 18 and not a party to within action; my business address **2800 Donald Douglas Loop North, Santa Monica, California 90405.**

On August 26, 2008, I served the foregoing documents described as:

**NOTICE OF ORDER SETTING INITIAL STATUS CONFERENCE**

**LAURA CEBALLOS v. FUZE BEVERAGE, LLC, ET AL.
CASE NO.: BC394521**

on interested parties in this action by successfully transmitting via U.S. mail to the offices of

[See attached service list]

xxxx    (BY FEDEX) I caused such envelopes with postage thereon fully prepaid to be placed in the United States mail at Santa Monica, California.

Executed on August 26, 2008 at **Santa Monica, California.**

-----    (By Facsimile) I caused such documents to be successfully transmitted via electronic mail to the offices of the above addresses.

-----    (By Personal Service) I caused such envelope to be hand delivered to the offices of the addressees.

xxxx    (STATE) I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

-----    (Federal) I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

Lily Puleo

1

**Laura Ceballos v. Fuze Beverage, LLC, et al.**
*Superior Court of California, Los Angeles; Case No. BC394521*
**Service List**

| | |
|---|---|
| Agent for Service of Process<br>FUZE BEVERAGE LLC<br>Corporation Service Company<br>2711 Centerville Road, Suite 400<br>Wilmington, DE 19808 | David F. McDowell<br>MORRISON & FOERSTER<br>555 West Fifth Street, Suite 3500<br>Los Angeles, CA 90013-1024<br><br>Telephone: (213) 892-5200<br>Facsimile: (213) 892-5454<br>dmcdowell@mofo.com<br><br>*Courtesy Copy* |



# EXHIBIT 2

COPY

| SHORT TITLE: CEBALLOS v. FUZE BEVERAGE, LLC, et al. | CASE NUMBER BC394521 |
|---|---|

## CIVIL CASE COVER SHEET ADDENDUM AND STATEMENT OF LOCATION
### (CERTIFICATE OF GROUNDS FOR ASSIGNMENT TO COURTHOUSE LOCATION)

**This form is required pursuant to LASC Local Rule 2.0 in all new civil case filings in the Los Angeles Superior Court.**

Item I.  Check the types of hearing and fill in the estimated length of hearing expected for this case:

JURY TRIAL? ☑ YES    CLASS ACTION? ☑ YES    LIMITED CASE? ☐ YES    TIME ESTIMATED FOR TRIAL 7    ☐ HOURS/ ☑ DAYS

Item II.  Select the correct district and courthouse location (4 steps -- If you checked "Limited Case", skip to Item III, Pg. 4):

**Step 1:** After first completing the Civil Case Cover Sheet Form, find the main civil case cover sheet heading for your case in the left margin below, and, to the right in Column **A**, the Civil Case Cover Sheet case type you selected.

**Step 2:** Check **one** Superior Court type of action in Column **B** below which best describes the nature of this case.

**Step 3:** In Column **C**, circle the reason for the court location choice that applies to the type of action you have checked. For any exception to the court location, see Los Angeles Superior Court Local Rule 2.0.

**Applicable Reasons for Choosing Courthouse Location (see Column C below)**

1. Class Actions must be filed in the County Courthouse, Central District.
2. May be filed in Central (Other county, or no Bodily Injury/Property Damage).
3. Location where cause of action arose.
4. Location where bodily injury, death or damage occurred.
5. Location where performance required or defendant resides.
6. Location of property or permanently garaged vehicle.
7. Location where petitioner resides.
8. Location wherein defendant/respondent functions wholly.
9. Location where one or more of the parties reside.
10. Location of Labor Commissioner Office.

**Step 4:** Fill in the information requested on page 4 in Item III; complete Item IV.  Sign the declaration.

| | A Civil Case Cover Sheet Category No. | B Type of Action (Check only one) | C Applicable Reasons - See Step 3 Above |
|---|---|---|---|
| **Auto Tort** | Auto (22) | ☐ A7100  Motor Vehicle - Personal Injury/Property Damage/Wrongful Death | 1., 2., 4. |
| | Uninsured Motorist (46) | ☐ A7110  Personal Injury/Property Damage/Wrongful Death – Uninsured Motorist | 1., 2., 4. |
| **Other Personal Injury/Property Damage/Wrongful Death Tort** | Asbestos  (04) | ☐ A6070  Asbestos Property Damage | 2. |
| | | ☐ A7221  Asbestos - Personal Injury/Wrongful Death | 2. |
| | Product Liability (24) | ☐ A7260  Product Liability (not asbestos or toxic/environmental) | 1., 2., 3., 4., 8. |
| | Medical Malpractice (45) | ☐ A7210  Medical Malpractice - Physicians & Surgeons | 1., 2., 4. |
| | | ☐ A7240  Other Professional Health Care Malpractice | 1., 2., 4. |
| | Other Personal Injury Property Damage Wrongful Death (23) | ☐ A7250  Premises Liability (e.g., slip and fall) | 1., 2., 4. |
| | | ☐ A7230  Intentional Bodily Injury/Property Damage/Wrongful Death (e.g., assault, vandalism, etc.) | 1., 2., 4. |
| | | ☐ A7270  Intentional Infliction of Emotional Distress | 1., 2., 3. |
| | | ☐ A7220  Other Personal Injury/Property Damage/Wrongful Death | 1., 2., 4. |
| **Non-Personal Injury/Property Damage/Wrongful Death Tort** | Business Tort  (07) | ☑ A6029  Other Commercial/Business Tort (not fraud/breach of contract) | 1., 2., 3. |
| | Civil Rights (08) | ☐ A6005  Civil Rights/Discrimination | 1., 2., 3. |
| | Defamation (13) | ☐ A6010  Defamation (slander/libel) | 1., 2., 3. |
| | Fraud (16) | ☐ A6013  Fraud (no contract) | 1., 2., 3. |

LACIV 109  (Rev. 01/07)
LASC Approved 03-04

### CIVIL CASE COVER SHEET ADDENDUM AND STATEMENT OF LOCATION

LASC, rule 2.0
Page 1 of 4

| SHORT TITLE: | CASE NUMBER |
|---|---|
| CEBALLOS v. FUZE BEVERAGE, LLC, et al. | |

| | A<br>Civil Case Cover<br>Sheet Category No. | B<br>Type of Action<br>(Check only one) | C<br>Applicable Reasons<br>-See Step 3 Above |
|---|---|---|---|
| **Non-Personal Injury/Property Damage/ Wrongful Death Tort (Cont'd.)** | Professional Negligence (25) | ☐ A6017   Legal Malpractice | 1., 2., 3. |
| | | ☐ A6050   Other Professional Malpractice (not medical or legal) | 1., 2., 3. |
| | Other (35) | ☐ A6025   Other Non-Personal Injury/Property Damage tort | 2.,3. |
| **Employment** | Wrongful Termination (36) | ☐ A6037   Wrongful Termination | 1., 2., 3. |
| | Other Employment (15) | ☐ A6024   Other Employment Complaint Case | 1., 2., 3. |
| | | ☐ A6109   Labor Commissioner Appeals | 10. |
| **Contract** | Breach of Contract/ Warranty (06) (not insurance) | ☐ A6004 Breach of Rental/Lease Contract (not Unlawful Detainer or wrongful eviction) | 2., 5. |
| | | ☐ A6008   Contract/Warranty Breach -Seller Plaintiff (no fraud/negligence) | 2., 5. |
| | | ☐ A6019   Negligent Breach of Contract/Warranty (no fraud) | 1., 2., 5. |
| | | ☐ A6028   Other Breach of Contract/Warranty (not fraud or negligence) | 1., 2., 5. |
| | Collections (09) | ☐ A6002   Collections Case-Seller Plaintiff | 2., 5., 6. |
| | | ☐ A6012   Other Promissory Note/Collections Case | 2., 5. |
| | Insurance Coverage (18) | ☐ A6015   Insurance Coverage (not complex) | 1., 2., 5., 8. |
| | Other Contract (37) | ☐ A6009   Contractual Fraud | 1., 2., 3., 5. |
| | | ☐ A6031   Tortious Interference | 1., 2., 3., 5. |
| | | ☐ A6027   Other Contract Dispute(not breach/insurance/fraud/negligence) | 1., 2., 3., 8. |
| **Real Property** | Eminent Domain/Inverse Condemnation (14) | ☐ A7300   Eminent Domain/Condemnation      Number of parcels_____ | 2. |
| | Wrongful Eviction (33) | ☐ A6023   Wrongful Eviction Case | 2., 6. |
| | Other Real Property (26) | ☐ A6018   Mortgage Foreclosure | 2., 6. |
| | | ☐ A6032   Quiet Title | 2., 6. |
| | | ☐ A6060   Other Real Property (not eminent domain, landlord/tenant, foreclosure) | 2., 6. |
| **Unlawful Detainer** | Unlawful Detainer- Commercial (31) | ☐ A6021   Unlawful Detainer-Commercial (not drugs or wrongful eviction) | 2., 6. |
| | Unlawful Detainer- Residential (32) | ☐ A6020   Unlawful Detainer-Residential (not drugs or wrongful eviction) | 2., 6. |
| | Unlawful Detainer- Drugs (38) | ☐ A6022   Unlawful Detainer-Drugs | 2., 6. |
| **Judicial Review** | Asset Forfeiture (05) | ☐ A6108   Asset Forfeiture Case | 2., 6. |
| | Petition re Arbitration (11) | ☐ A6115   Petition to Compel/Confirm/Vacate Arbitration | 2., 5. |

LACIV 109 (Rev. 01/07)
LASC Approved 03-04

**CIVIL CASE COVER SHEET ADDENDUM**
**AND STATEMENT OF LOCATION**

LASC, rule 2.0
Page 2 of 4

| SHORT TITLE:<br>CEBALLOS v. FUZE BEVERAGE, LLC, et al. | CASE NUMBER |
|---|---|

| A<br>Civil Case Cover Sheet<br>Category No. | B<br>Type of Action<br>(Check only one) | C<br>Applicable Reasons -<br>See Step 3 Above |
|---|---|---|
| **Writ of Mandate**<br><br>(02) | ☐ A6151  Writ - Administrative Mandamus<br>☐ A6152  Writ - Mandamus on Limited Court Case Matter<br>☐ A6153  Writ - Other Limited Court Case Review | 2., 8.<br>2.<br>2. |
| **Other Judicial Review**<br>(39) | ☐ A6150  Other Writ /Judicial Review | 2., 8. |
| Antitrust/Trade<br>Regulation (03) | ☐ A6003  Antitrust/Trade Regulation | 1., 2., 8. |
| Construction Defect (10) | ☐ A6007  Construction defect | 1., 2., 3. |
| Claims Involving Mass<br>Tort (40) | ☐ A6006  Claims Involving Mass Tort | 1., 2., 8. |
| Securities Litigation (28) | ☐ A6035  Securities Litigation Case | 1., 2., 8. |
| Toxic Tort<br>Environmental  (30) | ☐ A6036  Toxic Tort/Environmental | 1., 2., 3., 8. |
| Insurance Coverage<br>Claims from Complex<br>Case (41) | ☐ A6014  Insurance Coverage/Subrogation (complex case only) | 1., 2., 5., 8. |
| **Enforcement<br>of Judgment**<br><br>(20) | ☐ A6141  Sister State Judgment<br>☐ A6160  Abstract of Judgment<br>☐ A6107  Confession of Judgment (non-domestic relations)<br>☐ A6140  Administrative Agency Award (not unpaid taxes)<br>☐ A6114  Petition/Certificate for Entry of Judgment on Unpaid Tax<br>☐ A6112  Other Enforcement of Judgment Case | 2., 9.<br>2., 6.<br>2., 9.<br>2., 8.<br>2., 8.<br>2., 8., 9. |
| RICO (27) | ☐ A6033  Racketeering (RICO) Case | 1., 2., 8. |
| **Other Complaints<br>(Not Specified Above)**<br><br>(42) | ☐ A6030  Declaratory Relief Only<br>☐ A6040  Injunctive Relief Only (not domestic/harassment)<br>☐ A6011  Other Commercial Complaint Case (non-tort/non-complex)<br>☐ A6000  Other Civil Complaint (non-tort/non-complex) | 1., 2., 8.<br>2., 8.<br>1., 2., 8.<br>1., 2., 8. |
| Partnership Corporation<br>Governance(21) | ☐ A6113  Partnership and Corporate Governance Case | 2., 8. |
| **Other Petitions<br>(Not Specified Above)**<br><br>(43) | ☐ A6121  Civil Harassment<br>☐ A6123  Workplace Harassment<br>☐ A6124  Elder/Dependent Adult Abuse Case<br>☐ A6190  Election Contest<br>☐ A6110  Petition for Change of Name<br>☐ A6170  Petition for Relief from Late Claim Law<br>☐ A6100  Other Civil Petition | 2., 3., 9.<br>2., 3., 9.<br>2., 3., 9.<br>2.<br>2., 7.<br>2., 3., 4., 8.<br>2., 9. |

*(Left margin vertical labels: Judicial Review (Cont'd.); Provisionally Complex Litigation; Enforcement of Judgment; Miscellaneous Civil Complaints; Miscellaneous Civil Petitions)*

LACIV 109 (Rev. 01/07)
LASC Approved 03-04

**CIVIL CASE COVER SHEET ADDENDUM
AND STATEMENT OF LOCATION**

LASC, rule 2.0
Page 3 of 4

| SHORT TITLE:<br>CEBALLOS v. FUZE BEVERAGE, LLC, et al. | CASE NUMBER |
|---|---|

Item III. Statement of Location: Enter the address of the accident, party's residence or place of business, performance, or other circumstance indicated in Item II., **Step 3** on Page 1, as the proper reason for filing in the court location you selected.

| REASON: CHECK THE NUMBER UNDER COLUMN C<br>WHICH APPLIES IN THIS CASE<br><br>☑1. ☐2. ☐3. ☐4. ☐5. ☐6. ☐7. ☐8. ☐9. ☐10. | ADDRESS:<br>16311 E. Dalark Street |
|---|---|
| CITY:<br>La Puente | STATE:<br>CA | ZIP CODE:<br>91744 | |

Item IV. *Declaration of Assignment*: I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct and that the above-entitled matter is properly filed for assignment to the <u>Stanley Mosk</u> courthouse in the <u>Central</u> District of the Los Angeles Superior Court (Code Civ. Proc., § 392 et seq., and LASC Local Rule 2.0, subds. (b), (c) and (d)).

Dated: <u>July 16, 2008</u>

_____
(SIGNATURE OF ATTORNEY/FILING PARTY)

---

**PLEASE HAVE THE FOLLOWING ITEMS COMPLETED AND READY TO BE FILED IN ORDER TO PROPERLY COMMENCE YOUR NEW COURT CASE:**

1. Original Complaint or Petition.

2. If filing a Complaint, a completed Summons form for issuance by the Clerk.

3. Civil Case Cover Sheet form CM-010.

4. Complete Addendum to Civil Case Cover Sheet form LACIV 109 (Rev. 01/07), LASC Approved 03-04.

5. Payment in full of the filing fee, unless fees have been waived.

6. Signed order appointing the Guardian ad Litem, JC form FL-935, if the plaintiff or petitioner is a minor under 18 years of age, or if required by Court.

7. Additional copies of documents to be conformed by the Clerk. Copies of the cover sheet and this addendum must be served along with the summons and complaint, or other initiating pleading in the case.

---

COPY

1  MILSTEIN, ADELMAN & KREGER, LLP
2  Wayne S. Kreger, State Bar No. 154759
   wkreger@maklawyers.com
   Peter J. Farnese, State Bar No. 251204
3  pfarnese@maklawyers.com
   2800 Donald Douglas Loop North
4  Santa Monica, California 90405
   Telephone: (310) 396-9600
5  Fax: (310) 396-9635
6
7  Attorneys for Plaintiff,
   Laura Ceballos

**CONFORMED COPY**
OF ORIGINAL FILED
Los Angeles Superior Court

JUL 16 2008

John A. Clarke, Executive Officer/Clerk
By_____, Deputy
B.M. SWAIN

8           SUPERIOR COURT FOR THE STATE OF CALIFORNIA
9                FOR THE COUNTY OF LOS ANGELES
10
11  LAURA CEBALLOS, individually and on behalf    Case No.    BC394521
    of all others similarly situated,
12                                                **CLASS ACTION COMPLAINT**
              Plaintiffs,
13                                                1.  FALSE AND MISLEADING
    vs.                                               ADVERTISING IN VIOLATION OF
14                                                    BUSINESS AND PROFESSIONS CODE
                                                      § 17200, *et seq.*
15  FUZE BEVERAGE, LLC, a Delaware Limited        2.  FALSE AND MISLEADING
    Liability Company; LANCE COLLINS, an              ADVERTISING IN VIOLATION OF
16  individual; and DOES 1 through 100, inclusive,    BUSINESS AND PROFESSIONS CODE
                                                      § 17500, *et seq.*
17            Defendants.                          3.  VIOLATION OF CALIFORNIA CIVIL
                                                      CODE § 1750, *et seq.* (Consumer Legal
18                                                    Remedies Act)
19                                                **DEMAND FOR JURY TRIAL**
20
          Plaintiff Laura Ceballos ("Plaintiff"), individually and on behalf of all other similarly
21  situated purchasers of FUZE Healthy Infuzions Slenderize Beverages (the "Class"), brings this
22  complaint against FUZE Beverage, LLC ("FB"), Lance Collins ("Collins"), and Does 1 through 100,
23  inclusive (sometimes collectively referred to herein as "FUZE" or "Defendants") and allege as
24  follows:
25                          **NATURE OF THE ACTION**
26        1.    This is a class action for restitution and injunctive relief against FUZE for false and
27  misleading advertising in violation of Business & Professions Code Section 17200, *et seq.*, Business
28  & Professions Code Section 17500, *et seq.* and Civil Code Section 1750, *et seq.* FUZE made and

1

CLASS ACTION COMPLAINT

1  continues to make false and misleading statements in their advertising of FUZE Healthy Infuzions
2  Slenderize Beverages.

3      2.      FB was founded in 2001 by Collins.  Collins formulated the first line of FUZE
4  beverages in the basement of his house.  Collins did-so without the benefit of any scientific
5  research, testing or knowledge, as Collins has no scientific and/or health background.  Indeed, by
6  his own public admission, Collins only first started "paying attention to" his own health shortly
7  before founding FB in 2001.

8      3.      Despite that, Collins, in an obvious effort to take advantage of consumers looking to
9  lose weight (and, in the process enter the $4 billion weight loss business), named FB's first line of
10  beverages "FUZE Healthy Infuzions Slenderize Beverages."

11      4.      As set forth in more detail below, publicly available scientific research and studies
12  demonstrate that the FUZE Health Infuzions Slenderize Beverages (the "FUZE Slenderize
13  Drinks") do not contain any ingredients, in the proper dosing amounts, that can assist consumers
14  with weight loss.

15      5.      Amazingly, Collins has publicly stated that the reason why he founded FUZE was
16  that, upon his review of the "healthy" beverage market, most companies marketed their products
17  through false and deceptive advertising.  And, according to Collins, he wanted to offer consumers
18  a "healthy" beverage that was not marketed in a false and deceptive manner.

19      6.      Unfortunately, given the slick marketing and advertising practices utilized by FUZE
20  since 2001, it is clear that Collins' statements are nothing more than "lip service."  Indeed, since its
21  inception, FUZE has engaged in the very same false and deceptive marketing practices that
22  Collins' publicly chastised.

23      7.      By way of example:

24          A.      In advertising its "FUZE Vitalize Blackberry Grape" beverage, FUZE has
25                  claimed that it "helps reinforce resistance to colds, influenza & infections of
26                  the kidneys, bladder and lungs."  That claim is false.

Milstein, Adelman &Kreger, LLP
2800 Donald 1      as Loop North
Santa Monica, California 90405

2

CLASS ACTION COMPLAINT

B.    In advertising its "FUZE Oolong Tea" beverage, FUZE has claimed that it can "[reduce the] risk of developing cardiovascular disease and certain cancers." That claim is false.

C.    In advertising its "FUZE Refresh" beverage, FUZE has claimed that it is "known to improve circulation and reduce the cholesterol level in the blood." That claim is false.

D.    In its advertising of the FUZE Slenderize Drinks, FUZE has claimed that, in a variety of contexts and iterations, those beverages can cause consumers to lose weight. Those claims are false.

8.    FUZE has no competent and reliable scientific evidence to support and/or substantiate those claims, or others that it has made about the FUZE Slenderize Drinks, in particular. Indeed, the publicly available scientific research demonstrates that FUZE's claims are entirely false and misleading.

9.    Recently, in an effort to further dupe consumers into believing that the FUZE Slenderize Drinks can cause and/or assist with weight loss (and in the process garner millions of dollars in ill-gotten profits), FUZE launched a marketing campaign called "Resolution Slenderize." The campaign was launched in or about December 2007, in an order to "push" the FUZE Slenderize Drinks through the very same false and misleading claims that FUZE has historically used to sell the FUZE Slenderize Drinks, during the prime "diet season."

10.    During "Resolution Slenderize," FUZE, by way of example, falsely claimed that the FUZE Slenderize Drinks:

A.    can suppress consumers' appetites;

B.    can increase consumers' energy;

C.    can enhance consumers' metabolism; and,

D.    has caused "Hollywood stars" to lose weight.

11.    Those claims, like the others made by FUZE, are nothing more than "healthy deception." FUZE does not have competent and reliable scientific evidence to substantiate those claims, or any others contained in their advertising. Indeed, upon information and belief, FUZE

3

CLASS ACTION COMPLAINT

Milstein, Adelm—, &Kreger, LLP
2800 Donald I    as Loop North
Santa Monica, California 90405

1    does not possess any legitimate scientific information to support the claims made in their

2    advertising, including, without limitation, that the FUZE Slenderize Drinks can cause and/or assist

3    an individual in losing weight. In point of fact, the FUZE Slenderize Drinks do not provide any

4    health benefits to consumers.

5        12.    Some of FUZE's claims violate guidelines published and distributed by the United

6    States Federal Trade Commission (the "FTC") on dietary supplement advertising. As such, FUZE

7    has committed *per se* violations of <u>Business & Professions Code</u> Section 17200, *et seq.*, <u>Business

8    & Professions Code</u> Section 17500, *et seq.* and <u>Civil Code</u> Section 1750, *et seq.*

9        13.    The remaining claims misrepresent the effects and purported benefits of the FUZE

10   Slenderize Drinks. As such, FUZE has engaged in false and misleading advertising.

11       14.    During the course of this deception, FUZE has sold millions of units of the FUZE

12   Slenderize Drinks based upon FUZE's false promises. Plaintiff and the Class have suffered injury

13   in fact and have lost money as a result of FUZE's false representations.

14       15.    The purchase price of a single 16 ounce bottle of FUZE Slenderize Drinks may vary

15   depending on local sales practices and local city taxes; however, the average cost is approximately

16   $2.00 per bottle.

17                                  **JURISDICTION AND VENUE**

18       16.    This Court has jurisdiction over all causes of action asserted herein pursuant to the

19   California Constitution, Article VI, § 10, because this case is a cause not given by statute to other

20   trial courts. Plaintiff has standing to bring this action pursuant to <u>Business & Professions Code</u> §

21   17200, et seq.

22       17.    Venue is proper in this Court because Plaintiff resides in Los Angeles County and

23   purchased the FUZE Slenderize Drinks in Los Angeles County. FUZE receives substantial

24   compensation from sales in Los Angeles County, and FUZE made numerous misrepresentations

25   which had a substantial effect in Los Angeles County, including, but not limited to, radio,

26   magazine, newspaper and internet advertisements, and on the FUZE Slenderize Drinks label.

27       18.    FUZE and other out-of-state participants can be brought before this Court pursuant

28   to the provisions of <u>Code of Civil Procedure</u> § 395.5.

Milstein, Adelm⸱⸱ &Kreger, LLP
2800 Donald D    ⸱s Loop North
Santa Monica, California 90405

4

**PARTIES**

19.    Plaintiff is, and at all times relevant hereto was, an individual residing in Los Angeles County, California. Plaintiff purchased the FUZE Slenderize Drinks in Los Angeles County. In doing so, Plaintiff relied upon the advertising and other promotional material which were prepared and approved by FUZE and its agents and disseminated through its label and national advertising media, containing the misrepresentations alleged herein and designed to encourage those seeking weight loss to purchase the FUZE Slenderize Drinks. Plaintiff did not experience any weight loss, appetite suppression, increase in energy, or any of the other advertised "benefits" of the FUZE Slenderize Drinks as a result of taking them.

20.    Defendant FB is a limited liability company organized under the laws of the State of Delaware. On or about February 1, 2007, the Coca-Cola Company, an Atlanta, Georgia-based multi-national corporation that had net operating revenues of over $24 billion and gross profits in excess of $15 billion in 2006, agreed to purchase FB for approximately $250 million. On or about March 26, 2007, CCC completed the purchased of FB, at which time FB publicly stated that CCC distribution system would allow FB, in only 2-3 years, to increase its sales of all FUZE Beverages, including the deceptively-marketed FUZE Slenderize Drinks, from approximately $300 million annually, to $1 billion annually. Since that time, FB has operated as a wholly-owned subsidiary of CCC, maintaining its corporate headquarters at 619 Palisade Avenue, Englewood Cliffs, New Jersey 07632. FB, directly and through its agents, has substantial contacts with and receives substantial benefits and income from and through the State of California. FB is the owner, manufacturer and distributor of the FUZE Slenderize Drinks, and is the company that created and/or authorized the false, misleading and deceptive advertisements and/or packaging for the FUZE Slenderize Drinks.

21.    Defendant Collins is an individual who, upon information and belief, is a resident of the State of New Jersey. At all times relevant to the facts and circumstances set forth herein, Collins has held the position of Chief Executive Officer of FB. Plaintiff is informed and believes and based thereon alleges that Collins is the alter ego of FB. Plaintiff is further informed and believes and based thereon alleges that there exists between Collins and FB such unity of interest

Milstein, Adelman &Kreger, LLP
2800 Donald D    is Loop North
Santa Monica, California 90405

5

1    and ownership that in reality no separate entity exists. As such, failure to disregard the separate

2    entity would result in fraud or injustice to the public. Plaintiff is informed and believes and based

3    thereon alleges that Collins personally directed the activities complained of and alleged herein

4    toward the forum state. As such, the distinct corporate form of FB should be disregarded, and

5    Collins and FB should be treated as the same entity.

6        22.    The true names and capacities, whether individual, corporate, associate or otherwise

7    of certain manufacturers, distributors and/or their alter egos sued herein as DOES 1 through 100

8    inclusive are presently unknown to Plaintiff who therefore sue these Defendants by fictitious names.

9    Plaintiff will seek leave of this Court to amend the Complaint to show their true names and

10   capacities when the same have been ascertained. Plaintiff is informed and believes and based

11   thereon alleges that DOES 1 through 100 were authorized to do and did business in Los Angeles

12   County. Plaintiff is further informed and believes and based thereon alleges that DOES 1 through

13   100 were and/or are, in some manner or way, responsible for and liable to Plaintiff for the events,

14   happenings, and damages hereinafter set forth below.

15       23.    Plaintiff is informed and believes and based thereon alleges that at all times relevant

16   herein each of the Defendants was the agent, servant, employee, subsidiary, affiliate, partner,

17   assignee, successor-in-interest, alter ego or other representative of each of the remaining Defendants

18   and was acting in such capacity in doing the things herein complained of and alleged.

19       24.    In committing the wrongful acts alleged herein, Defendants planned and participated

20   in and furthered a common scheme by means of false, misleading, deceptive and fraudulent

21   representations to induce members of the public to purchase the FUZE Slenderize Drinks.

22   Defendants participated in the making of such representations in that each did disseminate or cause

23   to be disseminated said misrepresentations.

24       25.    FUZE, upon becoming involved with the manufacture, advertising, and sale of the

25   FUZE Slenderize Drinks knew or should have known that the claims about the FUZE Slenderize

26   Drinks and, in particular, the claims suggesting and/or outright stating that the FUZE Slenderize

27   Drinks could assist with and cause weight loss to consumers, were false, deceptive and misleading.

28   Indeed, since the first time that the FUZE Slenderize Drinks were advertised, FUZE has been aware

Milstein, Adelr  · &Kreger, LLP
2800 Donald 1  _ .as Loop North
Santa Monica, California 90405

6

**CLASS ACTION COMPLAINT**

1    that they, individually and/or collectively, do not possess the requisite competent and reliable

2    scientific evidence to substantiate their bold claims about the purported benefits and effects of the

3    FUZE Slenderize Drinks.  FUZE affirmatively misrepresented the "benefits" of the FUZE

4    Slenderize Drinks in order to convince the public to purchase and use those products, resulting in

5    profits of millions of dollars to FUZE, all to the damage and detriment of the consuming public.

6    Thus, in addition to the wrongful conduct herein alleged as giving rise to primary liability,

7    Defendants further aided and abetted and knowingly assisted each other in breach of their respective

8    duties and obligations as herein alleged.

9                            **CLASS ACTION ALLEGATIONS**

10          26.    Plaintiff brings this action on her own behalf and on behalf of all other persons

11    similarly situated.   The Class which Plaintiff seeks to represent comprises:

12          All persons residing in the State of California who purchased the FUZE Slenderize Drinks

13          for personal use and not for resale during the time period July 17, 2004 through the present.

14          Excluded from the Class are Defendants' officers, directors, and employees, and any

15          individual who received renumeration from the Defendants to act as an endorser of the

16          FUZE Slenderize Drinks.

17    Said definition me may be further defined or amended by additional pleadings, evidentiary

18    hearings, a class certification hearing, and orders of this Court.

19          27.    The Class comprises many thousands of persons throughout the State of California.

20    The class is so numerous, that joinder of all members is impracticable, and the disposition of their

21    claims in a Class Action will benefit the parties and the Court.

22          28.    There is a well-defined community of interest in the questions of law and fact

23    involved affecting the parties to be represented.   The questions of law and fact common to the

24    Class predominates over questions which may affect individual Class members.   Common

25    questions of law and fact include, but are not limited to, the following:

26          a.   Whether FUZE's conduct is an unlawful business act or practice within the meaning

27              of Business and Professions Code section 17200, *et seq.*;

28

Milstein, Adelm⸳⸳ &Kreger, LLP
2800 Donald E⸳   ⸳s Loop North
Santa Monica, California 90405

7

b. Whether FUZE's conduct is a fraudulent business act or practice within the meaning of Business and Professions Code section 17200, *et seq.*;

c. Whether FUZE's advertising is untrue or misleading within the meaning of Business and Professions Code section 17500, *et seq.*;

d. Whether FUZE made false and misleading representations in their advertising and labeling of the FUZE Slenderize Drinks;

e. Whether FUZE knew or should have known that the representations were false; and

f. Whether FUZE represented that the FUZE Slenderize Drinks have characteristics, benefits, uses or quantities which they do not have.

29.     Plaintiff's claims are typical of the claims of the proposed Class, and Plaintiff will fairly and adequately represent and protect the interests of the proposed Class. Plaintiff has retained competent and experienced counsel in class action and other complex litigation.

30.     Plaintiff and the Class have suffered injury in fact and have lost money as a result of FUZE's false and misleading representations.

31.     The Class is identifiable and readily ascertainable. The names and addresses of the class members are available through business or public records. Notice can be provided to such purchasers via first class mail using techniques and a form of notice similar to those customarily used in class actions, and by internet publication, radio, newspapers, and magazines.

32.     A class action is superior to other available methods for fair and efficient adjudication of this controversy. The expense and burden of individual litigation would make it impracticable or impossible for proposed members of the Class to prosecute their claims individually.

33.     The trial and the litigation of Plaintiff's claims are manageable.

34.     FUZE has acted on grounds generally applicable to the entire Class, thereby making final injunctive relief and/or corresponding declaratory relief appropriate with respect to the Class as a whole. The prosecution of separate actions by individual Class members would create the risk of inconsistent or varying adjudications with respect to individual member of the Class that would establish incompatible standards of conduct for FUZE.

Milstein, Adelm~~ &Kreger, LLP
2800 Donald 1      as Loop North
Santa Monica, California 90405

8

**CLASS ACTION COMPLAINT**

1    35.    Absent a class action, FUZE will likely retain the benefits of their wrongdoing.

2    Because of the small size of the individual Class members' claims, few, if any, Class members

3    could afford to seek legal redress for the wrongs complained of herein. Absent a representative

4    action, the Class members will continue to suffer losses and Defendants will be allowed to

5    continue these violations of law and to retain the proceeds of their ill-gotten gains.

6

7    **FACTUAL BACKGROUND OF CLAIMS**

8    36.    Collins founded FB in 2001.  At that time, he formulated the FUZE Slenderize

9    Drinks in the basement of his home.  Collins has no scientific or health background and, upon

10   information and belief, did not use any scientists or health experts in the formulation of the FUZE

11   Slenderize Drinks.

12   37.    From its inception, the FUZE Slenderize Drinks were marketed through the use of

13   false, misleading, deceptive and unsubstantiated claims about their purported effects and benefits.

14   Indeed, FB and Collins engaged in a campaign best characterized as "healthy deception."

15   38.    FB and Collins plans worked to perfection as, in or about 2006, the famous Coca-

16   Cola Company made certain inquiries concerning its purchase of FB.  Shortly thereafter, in 2007,

17   the Coca-Cola Company purchased FB for $250 million, and FB became a wholly-owned

18   subsidiary of the Coca-Cola Company.

19   39.    Despite being "folded" into the multi-national Coca-Cola Company, FUZE

20   continued to market and advertise the FUZE Slenderize Drinks in a false and deceptive manner.

21   Upon information and belief, the Coca-Cola Company simply "looked the other way" at FUZE's

22   deceitful tactics, since the Coca-Cola Company was making millions of dollars from the false and

23   deceptive marketing of the FUZE Slenderize Drinks.

24   40.    Some of the false, misleading, deceptive and unsubstantiated claims associated with

25   the FUZE Slenderize Drinks include:

26                A.    The use of the word "Slenderize" in the brand.  In point of fact, the FUZE

27                      Slenderize Drinks do not contain a single ingredient, in the necessary dosing

28                      amounts, that will help any consumer lose weight or "get slender."

Milstein, Adelm··· &Kreger, LLP
2800 Donald L      as Loop North
Santa Monica, California 90405

9

**CLASS ACTION COMPLAINT**

Milstein, Adelman &Kreger, LLP
2800 Donald D    s Loop North
Santa Monica, California 90405

B.   FUZE's statement that, "[w]e know that you don't want to sacrifice taste or refreshment when resolving to manage your weight. That's why Fuze Slenderize® has **great flavors** with no after taste and contains specific natural ingredients that **helps your metabolism work in your favor.**" (emphasis in original). In point of fact, the FUZE Slenderize Drinks do not contain any ingredients, in the necessary dosing amounts, to affect consumers' metabolism.

C.   That the FUZE Slenderize Drinks, can "slenderize" or cause a consumer to lose weight. They cannot.

D.   That the FUZE Slenderize Drinks can increase a consumer's metabolism. They do not.

E.   That the FUZE Slenderize Drinks can help a consumer "manage [the consumer's] weight." They cannot.

F.   That the FUZE Slenderize Drinks contain "4 slenderizing vitamins and minerals." No FUZE product contains any weight loss ingredients at the appropriate dosing level to assist in weight loss, or help a consumer "slenderize."

G.   That the FUZE Slenderize Drinks contain ingredients that are "proven" to cause and/or assist in weight loss. They do not at the necessary and appropriate dosing levels.

41.   More specifically:

i.   As represented on its packaging/label, the FUZE Slenderize Drinks contain 40 micrograms (mcg) of chromium. According to FUZE, the chromium in its FUZE Slenderize Drinks will "improve the amount of energy you get from food." However, scientific studies demonstrate that, in order to obtain any benefits from chromium (including those benefits represented by FUZE), it must be in amounts of 200 micrograms, or **five times the amount in the FUZE Slenderize Drinks**. Thus, the direct and implied claim that the

10

Milstein, Adelm  &&Kreger, LLP
2800 Donald L   as Loop North
Santa Monica, California 90405

1    chromium in the FUZE Slenderize Drinks has any benefit to consumers is

2    false and misleading.

3    ii.    As represented on its packaging/label, the FUZE Slenderize Drinks contain

4    450 milligrams (mg) of "Super Citrimax," which is more commonly known

5    as *Garcina cambogia* Rind Extract. According to FUZE, 450 milligrams of

6    this ingredient "[h]elps users maintain a normal appetite and increase [sic]

7    energy in healthy individuals." FUZE also represents that 450 milligrams of

8    "Super Citrimax" "[h]elps support a healthy metabolism." However, it is

9    public knowledge there are no well-controlled, legitimate scientific studies

10    that demonstrate any benefits of "Super Citrimax." Indeed, in a well-known,

11    publicly available, well-controlled, double-blinded, placebo controlled study

12    of Super Citrimax published in the Journal of the American Medical

13    Association in November 1998, it was conclusively established that Super

14    Citrimax, in doses of **3000 mg or less "do not support a role...as a**

15    **facilitator of [appetite suppression or] weight loss."** Accordingly,

16    FUZE's claim that the Super Citrimax in the FUZE Slenderize Drinks can

17    assist consumers, in any way, is false and misleading.

18    iii.    As represented on its packaging/label, the FUZE Slenderize Drinks contain

19    45 milligrams (mg) of L-Carnitine, which FUZE claims "boosts energy."

20    Publicly available scientific studies demonstrate that, in order to have **any**

21    **effect** on humans, L-Carnitine must be provided in doses of **2000 to 6000**

22    **milligrams**, or, approximately **1000 times** the amount in the FUZE

23    Slenderize Drinks. Therefore, FUZE's claim about L-Carnitine is, too, false

24    and misleading.

25    42.    It is well-known that the vast majority of beverage consumers are "point of

26    purchase" consumers. Thus, the false and misleading claims contained on the FUZE Slenderize

27    Drinks packaging/label represent a single, consistent false message to consumers.

28

11

**CLASS ACTION COMPLAINT**

43.     Through its false and deceptive claims, FUZE, on a daily basis dupes consumers into purchasing the FUZE Slenderize Drinks, in the process making millions of dollars for FUZE and, now, the Coca-Cola Company, and its owners.

44.     Simply put, the claims that the FUZE Slenderize Drinks have "active ingredients" that can (i) "energize" a consumer, (ii) "slenderize" a consumer and/or (iii) assist, in any way, in weight loss, are false, deceptive and misleading.  FUZE does not have any competent and reliable scientific evidence to support any of those claims.

## FIRST CAUSE OF ACTION

## FALSE AND MISLEADING ADVERTISING IN VIOLATION OF BUSINESS & PROFESSIONS CODE § 17200, *et seq.*

### (By Plaintiffs against all Defendants)

45.     Plaintiff repeats and realleges the allegations set forth above, and incorporates the same as if set forth herein at length.

46.     This cause of action is brought pursuant to Business and Professions Code § 17200, *et seq.*, on behalf of Plaintiffs and a Class consisting of (i) all persons residing in the State of California who purchased the FUZE Slenderize Drinks for personal use and not for resale during the time period July 16, 2004 through the present.

47.     Defendants in their advertising and packaging of the FUZE Slenderize Drinks make false and misleading statements regarding the benefits and the efficacy of the FUZE Slenderize Drinks, particularly as it applies to weight loss, all as set forth above.

48.     Defendants do not have any competent and reliable scientific evidence to support the claims about the FUZE Slenderize Drinks made in Defendants' advertising and on Defendants' packaging/label.

49.     Defendants are aware that the claims that they make about the FUZE Slenderize Drinks are false, misleading and unsubstantiated.

50.     As alleged in the preceding paragraphs, the misrepresentations by Defendants of the material facts detailed above constitutes an unfair and fraudulent business practice within the meaning of California Business & Professions Code § 17200.

Milstein, Adelr    & Kreger, LLP
2800 Donald L    as Loop North
Santa Monica, California 90405

51.     In addition, Defendants' use of various forms of advertising media to advertise, call attention to or give publicity to the sale of goods or merchandise which are not as represented in any manner constitutes unfair competition, unfair, deceptive, untrue or misleading advertising, and an unlawful business practice within the meaning of Business & Professions Code §§ 17531 and 17200, which advertisements have deceived and are likely to deceive the consuming public, in violation of Business & Professions Code § 17500.

52.     There were reasonably available alternatives to further Defendants' legitimate business interests, other than the conduct described herein.

53.     All of the conduct alleged herein occurs and continues to occur in Defendants' business.  Defendants' wrongful conduct is part of a pattern or generalized course of conduct repeated on thousands of occasions daily.

54.     Pursuant to Business & Professions Code §§ 17203 and 17535, Plaintiff and the members of the Class seek an order of this Court enjoining Defendants from continuing to engage, use, or employ their practice of advertising the sale and use of the FUZE Slenderize Drinks. Likewise, Plaintiff and the members of the Class seek an order requiring Defendants to disclose such misrepresentations, and additionally request an order awarding Plaintiffs restitution of the money wrongfully acquired by Defendants by means of responsibility attached to Defendants' failure to disclose the existence and significance of said misrepresentations.

55.     Plaintiff and the Class have suffered injury in fact and have lost money in the amount of approximately $2.00 for each unit of the FUZE Slenderize Drinks as a result of Defendants' false representations.  The purchase price of the FUZE Slenderize Drinks may vary depending on local sales practices and taxes.

## SECOND CAUSE OF ACTION

## FALSE AND MISLEADING ADVERTISING IN VIOLATION OF BUSINESS &

## PROFESSIONS CODE § 17500, *et seq.*

### (By Plaintiffs against all Defendants)

56.     Plaintiff repeats and realleges the allegations set forth in the preceding paragraphs, and incorporates the same as if set forth herein at length.

13

CLASS ACTION COMPLAINT

Milstein, Adelman &Kreger, LLP
2800 Donald Lᵃˢ Loop North
Santa Monica, California 90405

57.    This cause of action is brought pursuant to <u>Business and Professions Code</u> § 17200, *et seq.*, on behalf of Plaintiff and the Class consisting of (i) all persons residing in the State of California who purchased the FUZE Slenderize Drinks for personal use and not for resale during the time period July 16, 2004 through the present.

58.    In its advertising of the FUZE Slenderize Drinks, FUZE knowingly makes false and misleading statements regarding the benefits and the effects of the FUZE Slenderize Drinks, particularly as it applies to weight loss, all as set forth above.

59.    Defendants do not have any competent and reliable scientific evidence to support the claims about the FUZE Slenderize Drinks made in Defendants' advertising and on the packaging/labels of the products.

60.    Defendants are aware and knew that the claims that they make about the FUZE Slenderize Drinks are false, misleading and unsubstantiated.

61.    Plaintiff and the Class have suffered injury in fact and have lost money as a result of Defendants' false representations.

62.    As alleged in the preceding paragraphs, the misrepresentations by Defendants of the material facts detailed above constitutes an unfair and fraudulent business practice within the meaning of California <u>Business & Professions Code</u> § 17200.

63.    In addition, Defendants' use of various forms of advertising media to advertise, call attention to or give publicity to the sale of goods or merchandise which are not as represented in any manner constitutes unfair competition, unfair, deceptive, untrue or misleading advertising, and an unlawful business practice within the meaning of <u>Business & Professions Code</u> §§ 17531 and 17200, which advertisements have deceived and are likely to deceive the consuming public, in violation of <u>Business & Professions Code</u> § 17500.

64.    Pursuant to <u>Business & Professions Code</u> §§ 17203 and 17535, Plaintiff and the members of the Class seek an order of this Court enjoining Defendants from continuing to engage, use, or employ their practice of advertising the sale and use of the FUZE Slenderize Drinks. Likewise, Plaintiff and the members of the Class seek an order requiring Defendants to disclose such misrepresentations, and additionally request an order awarding Plaintiffs restitution of the

14

**CLASS ACTION COMPLAINT**

Milstein, Adelman &Kreger, LLP
2800 Donald E    as Loop North
Santa Monica, California 90405

1    money wrongfully acquired by Defendants by means of responsibility attached to Defendants'

2    failure to disclose the existence and significance of said misrepresentations.

3    ### THIRD CAUSE OF ACTION

4    ### VIOLATION OF CALIFORNIA CIVIL CODE § 1750, *et seq.*

5    #### (By Plaintiffs against all Defendants)

6    65.    Plaintiff repeats and realleges the all allegations of the previous paragraphs, and

7    incorporates the same as if set forth herein at length.

8    66.    This cause of action is brought pursuant to <u>Civil Code</u> § 1750, *et seq.*, the

9    Consumers Legal Remedies Act, on behalf of Plaintiffs and a Class consisting of all persons

10    residing in the State of California who purchased the FUZE Slenderize Drinks for personal use and

11    not for resale during the time period July 16, 2004 through the present.

12    67.    The Class consists of thousands of persons, the joinder of whom is impracticable.

13    68.    There are questions of law and fact common to the class, which questions are

14    substantially similar and predominate over questions affecting the individual members, including

15    but not limited to: (a) Whether Defendants represented that the FUZE Slenderize Drinks have

16    characteristics, benefits, uses or quantities which they do not have; (b) Whether the existence,

17    extent and significance of the major misrepresentations regarding the purported benefits,

18    characteristics and efficacy of the FUZE Slenderize Drinks violate the Act; and (c) Whether

19    Defendants' knew of the existence of these misrepresentations.

20    69.    The policies, acts, and practices heretofore described were intended to result in the

21    sale of the FUZE Slenderize Drinks to the consuming public, particularly those seeking weight

22    loss, and violated and continue to violate § 1770(a)(5) of the Act by representing that the FUZE

23    Slenderize Drinks have characteristics, benefits, uses or quantities which they do not have.

24    70.    Defendants fraudulently deceived Plaintiff and the Class by representing that the

25    FUZE Slenderize Drinks have certain characteristics, benefits, uses and qualities which they do not

26    have (e.g., appetite suppression).   In doing so, Defendants intentionally misrepresented and

27    concealed material facts from Plaintiff and the Class, specifically, that the FUZE Slenderize

28    Drinks causes and/or can assist with weight loss.  Said misrepresentation and concealment were

Milstein, Adelm   &Kreger, LLP
2800 Donald Dr.   s Loop North
Santa Monica, California 90405

15

**CLASS ACTION COMPLAINT**

done with the intention of deceiving Plaintiff and the Class and depriving them of their legal rights and money.

71.    Defendants knew that the FUZE Slenderize Drinks did not cause and/or assist consumers with appetite suppression, energy enhancement and/or weight loss.

72.    Defendants' actions as described hereinabove were done with conscious disregard of Plaintiff's rights and Defendants were wanton and malicious in their concealment of same.

73.    Plaintiff and the Class have suffered injury in fact and have lost money in the amount of approximately $2.00 for each unit of the FUZE Slenderize Drinks as a result of Defendants' false representations.  The purchase price of the FUZE Slenderize Drinks may vary depending on local sales practices and taxes.

74.    Pursuant to § 1780(a) of the Act, Plaintiff, at this time, seeks injunctive relief only, in the form of an order enjoining the above-described wrongful acts and practices of Defendants, including, but not limited to, an order:

A.  Enjoining FUZE from continuing to make the statements set forth in paragraphs 40 and 41, above;

B.  Enjoining FUZE from continuing to utilize the word "Slenderize" in connection with any of its beverage products until such time as it possesses competent and reliable scientific evidence that the beverage product can cause or assist consumers with weight loss;

C.  Enjoining FUZE from continuing to offer for sale any bottle of the FUZE Slenderize Drinks that contains any false, misleading and/or unsubstantiated statements and claims on it and/or its label, including, without limitation, those statements and claims set forth in paragraphs 40 and 41, above;

D.  Ordering that FUZE immediately recall any and all bottles of the FUZE Slenderize Drinks that contain any false, misleading and/or unsubstantiated statements and claims on them and/or their labels, including, without

CLASS ACTION COMPLAINT

Milstein, Adelm··· &Kreger, LLP
2800 Donald D.    s Loop North
Santa Monica, California 90405

limitation, those statements and claims set forth in paragraphs 40 and 41, above;

E. Enjoining FUZE from continuing to use the packaging and label that it presently uses for the FUZE Slenderize Drinks; and,

F. Enjoining Defendants from distributing such false advertising and misrepresentations.

75. Plaintiffs shall be irreparably harmed if such an order is not granted.

76. In accordance with Civil Code § 1782(a) & (d), Plaintiffs will subsequently amend this class action Complaint without leave of Court to include a request for damages. Plaintiffs request that this Court enter such orders or judgments as may be necessary to restore any person in interest any money which may have been acquired by means of such unfair business practices, and for such other relief as provided in Civil Code § 1780 and the Prayer for Relief.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs, on behalf of themselves and on behalf of the members of the Classes defined herein, pray for judgment and relief as follows:

A. An order certifying that the action may be maintained as a Class Action;

B. An order enjoining Defendants from pursuing the policies, acts, and practices complained of herein;

C. An order requiring Defendants to pay restitution to Plaintiff and all members of the Class under the First and Second Causes of action only;

D. For pre-judgment interest from the date of filing this suit;

E. Reasonable attorneys' fees;

F. Costs of this suit; and

G. Such other and further relief as the Court may deem necessary or appropriate.

Milstein, Adelm   &Kreger, LLP
2800 Donald D. _ .s Loop North
Santa Monica, California 90405

17

1    DATED: July 16, 2008                    MILSTEIN, ADELMAN & KREGER, LLP

2

3                                            By: _____

4                                                Wayne S. Kreger
                                                 Peter J. Farnese
5                                                Attorneys for Plaintiff,
                                                 Laura Ceballos

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

18
**CLASS ACTION COMPLAINT**

*Milstein, Adelman &Kreger, LLP*
*2800 Donald D.    s Loop North*
*Santa Monica, California 90405*

**JURY TRIAL DEMANDED**

Plaintiff demands a jury trial on all triable issues.

DATED: July 16, 2008

MILSTEIN, ADELMAN & KREGER, LLP

By: _____
Wayne S. Kreger
Peter J. Farnese
Attorneys for Plaintiff,
Laura Ceballos

Milstein, Adelman &Kreger, LLP
2800 Donald Dr.  ; Loop North
Santa Monica, California 90405

19

**CLASS ACTION COMPLAINT**

COPY

1  **MILSTEIN, ADELMAN & KREGER, LLP**
   Wayne S. Kreger, State Bar No. 154759
2  wkreger@maklawyers.com
   Peter J. Farnese, State Bar No. 251204
3  pfarnese@maklawyers.com
   2800 Donald Douglas Loop North
4  Santa Monica, California 90405
   Telephone: (310) 396-9600
5  Fax: (310) 396-9635
6  Attorneys for Plaintiff,
   Laura Ceballos
7

ORIGINAL FILED

AUG 26 2008

LOS ANGELES
SUPERIOR COURT

8              **SUPERIOR COURT FOR THE STATE OF CALIFORNIA**

9                    **FOR THE COUNTY OF LOS ANGELES**

10

11  LAURA CEBALLOS, individually and on behalf )   Case No. BC 394521
    of all others similarly situated,          )
12                                              )   (Assigned for all purposes to the Honorable
               Plaintiffs,                      )   Carl J. West, Dept. 311)
13                                              )
          vs.                                   )   **CLASS ACTION**
14                                              )
    FUZE BEVERAGE, LLC, a Delaware Limited      )   **NOTICE OF COMPLEX DESIGNATION**
15  Liability Company; LANCE COLLINS, an        )
    individual; and DOES 1 through 100, inclusive, )
16                                              )
               Defendants.                      )
17                                              )
                                                )   **Complaint Filed:** July 16, 2008
18                                              )   **Trial Date:** None Set
                                                )
19                                              )

20

21  TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

22        NOTICE IS HEREBY GIVEN THAT on July 28, 2008, the Court made its initial

23  determination that this case is deemed complex pursuant to Rule 3.400 of the California Rules of

24  Court and is assigned for all purposes to the Honorable Carl J. West, Dept. 311. Attached herewith

25  is a copy of the Court's Order designating the case as complex.

26

27

28

                                        1
                         **NOTICE OF COMPLEX DESIGNATION**

*(left margin, vertical)* Milstein, Adelman &Kreger, LLP
2800 Donald Douglas Loop North
Santa Monica, California 90405

DATED: August 26, 2008

MILSTEIN, ADELMAN & KREGER, LLP

By:

Wayne S. Kreger
Peter J. Farnese
Attorneys for Plaintiff
Laura Ceballos and the Class

NOTICE OF COMPLEX DESIGNATION

Milstein, Adelman &Kreger, LLP
2800 Donald D    s Loop North
Santa Monica, California 90405

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES

DA. 07/28/08 | | | DEPT. 324

HONORABLE VICTORIA CHANEY    JUDGE | E. SABALBURO    DEPUTY CLERK

HONORABLE    JUDGE PRO TEM | ELECTRONIC RECORDING MONITOR

NONE    Deputy Sheriff | NONE    Reporter

8:30 am | BC394521

LAURA CEBALLOS
VS
FUZE BEVERAGE LLC ET AL

DEEMED COMPLEX (07-28-08)

Plaintiff
Counsel

NO APPEARANCES

Defendant
Counsel

**NATURE OF PROCEEDINGS:**

MILSTEIN, ADELMAN & KREGER, LLP
Wayne S. Kreger, Esq.
2800 Donald Douglas Loop North
Santa Monica, California  90405

MINUTES ENTERED
07/28/08
COUNTY CLERK

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES

| | | |
|---|---|---|
| DATE 07/28/08 | | DEPT. 324 |
| HONORABLE VICTORIA CHANEY    JUDGE | E. SABALBURO | DEPUTY CLERK |
| HONORABLE                JUDGE PRO TEM | | ELECTRONIC RECORDING MONITOR |
| NONE            Deputy Sheriff | NONE | Reporter |

| | | |
|---|---|---|
| 8:30 am | BC394521 | Plaintiff Counsel |
| | LAURA CEBALLOS | NO APPEARANCES |
| | VS | Defendant |
| | FUZE BEVERAGE LLC ET AL | Counsel |
| | DEEMED COMPLEX (07-28-08) | |

**NATURE OF PROCEEDINGS:**

Any party objecting to the complex designation must file an objection and proof of service in Department 324 within ten (10) days of service of this minute order. Any response to the objection must be filed in Department 324 within seven (7) days of service of the objection.  This Court will make its ruling on the submitted pleadings.

CLERK'S CERTIFICATE OF MAILING/
NOTICE OF ENTRY OF ORDER

I, the below named Executive Officer/Clerk of the above-entitled court, do hereby certify that I am not a party to the cause herein, and that this date I served Notice of Entry of the above minute order of 08-01-08 upon each party or counsel named below by depositing in the United States mail at the courthouse in Los Angeles, California, one copy of the original entered herein in a separate sealed envelope for each, addressed as shown below with the postage thereon fully prepaid.

Date: 08-01-08

John A. Clarke, Executive Officer/Clerk


By: _____
    KIN HILAIRE
         K. HILAIRE

Page    2 of  3   DEPT. 324

MINUTES ENTERED
07/28/08
COUNTY CLERK

## SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES

| | | DEPT. 324 |
|---|---|---|
| D. : 07/28/08 | | |
| HONORABLE VICTORIA CHANEY    JUDGE | E. SABALBURO | DEPUTY CLERK |
| HONORABLE    JUDGE PRO TEM | | ELECTRONIC RECORDING MONITOR |
| NONE    Deputy Sheriff | NONE | Reporter |

| | | Plaintiff Counsel | |
|---|---|---|---|
| 8:30 am | BC394521 | | NO APPEARANCES |
| | LAURA CEBALLOS VS FUZE BEVERAGE LLC ET AL | Defendant Counsel | |
| | DEEMED COMPLEX (07-28-08) | | |

**NATURE OF PROCEEDINGS:**

COURT ORDER

This Court makes its determination whether or not this
case should be deemed complex pursuant to Rule 3.400
of the California Rules of Court.

This case is designated complex and is reassigned to
Judge Carl J. West in Department 311 at
Central Civil West Courthouse for all further
proceedings.

Notice of Initial Status Conference is to be
given by the Clerk in Department 311.  Until the
order setting the Initial Status Conference is issued,
no responsive pleadings may be filed and all discovery
is stayed. Parties may file a Notice of Appearance in
lieu of an answer or responsive pleading. Nothing
herein stays the time for filing an affidavit of
prejudice pursuant to Code of Civil Procedure section
170.6.

Pursuant to Government Code section 70616(c), each
party is ordered to pay $550.00 for complex fees,
payable to Los Angeles Superior Court, within ten (10)
calendar days of service of this minute order.

Plaintiff is ordered to serve a copy of this minute
order on all parties forthwith and file a proof of
service in the assigned department within seven (7)
days of service.

Page    1 of    3    DEPT. 324

MINUTES ENTERED
07/28/08
COUNTY CLERK

PROOF OF SERVICE

STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

I am employed in the County of LOS ANGELES, State of CALIFORNIA. I am over the age of 18 and not a party to within action; my business address **2800 Donald Douglas Loop North, Santa Monica, California 90405.**

On August 26, 2008, I served the foregoing documents described as:

**NOTICE OF COMPLEX DESIGNATION**

**LAURA CEBALLOS v. FUZE BEVERAGE, LLC, ET AL.**
**CASE NO.: BC394521**

on interested parties in this action by successfully transmitting via U.S. mail to the offices of

[See attached service list]

xxxx   (BY FEDEX) I caused such envelopes with postage thereon fully prepaid to be placed in the United States mail at Santa Monica, California.

Executed on August 26, 2008 at **Santa Monica, California.**

------   (By Facsimile) I caused such documents to be successfully transmitted via electronic mail to the offices of the above addresses.

------   (By Personal Service) I caused such envelope to be hand delivered to the offices of the addressees.

xxxx   (STATE) I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

------   (Federal) I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

Lily Puleo

1

**Laura Ceballos v. Fuze Beverage, LLC, et al.**
*Superior Court of California, Los Angeles; Case No. BC394521*
**Service List**

| | |
|---|---|
| Agent for Service of Process<br>**FUZE BEVERAGE LLC**<br>Corporation Service Company<br>2711 Centerville Road, Suite 400<br>Wilmington, DE 19808 | David F. McDowell<br>**MORRISON & FOERSTER**<br>555 West Fifth Street, Suite 3500<br>Los Angeles, CA 90013-1024<br><br>Telephone: (213) 892-5200<br>Facsimile: (213) 892-5454<br>dmcdowell@mofo.com<br><br>*Courtesy Copy* |

1  **MILSTEIN, ADELMAN & KREGER, LLP**
   Wayne S. Kreger, State Bar No. 154759
2  wkreger@maklawyers.com
   Peter J. Farnese, State Bar No. 251204
3  pfarnese@maklawyers.com
   2800 Donald Douglas Loop North
4  Santa Monica, California 90405
   Telephone: (310) 396-9600
5  Fax: (310) 396-9635

6  Attorneys for Plaintiff,
   Laura Ceballos
7

ORIGINAL FILED

AUG 2 6 2008

LOS ANGELES
SUPERIOR COURT

8         SUPERIOR COURT FOR THE STATE OF CALIFORNIA

9             FOR THE COUNTY OF LOS ANGELES

10

11 | LAURA CEBALLOS, individually and on behalf   ) Case No. BC 394521
    | of all others similarly situated,           )
12 |                                              ) (Assigned for all purposes to the Honorable
    |               Plaintiffs,                    ) Carl J. West, Dept. 311)
13 |                                              )
    |         vs.                                  ) **CLASS ACTION**
14 |                                              )
    | FUZE BEVERAGE, LLC, a Delaware Limited       ) **NOTICE OF ORDER SETTING INITIAL**
15 | Liability Company; LANCE COLLINS, an         ) **STATUS CONFERENCE**
    | individual; and DOES 1 through 100, inclusive,)
16 |                                              )
    |               Defendants.                    )
17 |                                              )
    |                                              )
18 |                                              ) **Complaint Filed:** July 16, 2008
    |                                              ) **Trial Date:** None Set
19 |                                              )

20

21 TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

22      NOTICE IS HEREBY GIVEN THAT on August 12, 2008, the Court has set the Initial

23 Status Conference in the above-entitled action to be held on <u>October 15, 2008</u> at <u>1:30 p.m.</u> in

24 Department 311 of the Central Civil West Courthouse, located at 600 S Commonwealth Ave, Los

25 Angeles, California 90005. Attached herewith are copies of the Court's Initial Status Conference

26 Order and Order Setting Initial Status Conference.

27

28
                                          1
          NOTICE OF ORDER SETTING INITIAL STATUS CONFERENCE

Milstein, Adel.  & Kreger, LLP
2800 Donald Douglas Loop North
Santa Monica, California 90405

1

2    DATED: August 26, 2008              MILSTEIN, ADELMAN & KREGER, LLP

3
                                        By: _____
4                                           Wayne S. Kreger
                                            Peter J. Farnese
5                                           Attorneys for Plaintiff
                                            Laura Ceballos and the Class
6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

2

NOTICE OF ORDER SETTING INITIAL STATUS CONFERENCE

Milstein, Adelman & Kreger, LLP
2800 Donald Douglas Loop North
Santa Monica, California 90405

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES

| DATE 08/13/08 | | | DEPT. 311 |
|---|---|---|---|
| HONORABLE Carl J. West | JUDGE | R. Rully | DEPUTY CLERK |
| HONORABLE | JUDGE PRO TEM | | ELECTRONIC RECORDING MONITOR |
| S. Zuckerman, C.A. | Deputy Sheriff | NONE | Reporter |

| | | | |
|---|---|---|---|
| BC394521 | Plaintiff Counsel | | |
| LAURA CEBALLOS VS FUZE BEVERAGE LLC ET AL | Defendant Counsel | **NO APPEARANCES** | |
| DEEMED COMPLEX (07-28-08) | | | |

**NATURE OF PROCEEDINGS:**

COURT'S ISSUANCE OF INITIAL STATUS CONFERENCE ORDER AND ORDER SETTING INITIAL STATUS CONFERENCE:

The Court, in receipt of the above-entitled case pursuant to the July 28, 2008 Order of Judge Victoria Chaney assigning the case to this department for all further proceedings, makes Orders as follows:

An Initial Status Conference is set for October 15, 2008, at 1:30 P.M., in Department CCW-311.

The Court's Initial Status Conference Order, signed and filed on August 12, 2008, is served upon Plaintiffs' counsel this date in the manner indicated below.

In anticipation of the October 15, 2008 Initial Status Conference, Plaintiffs' counsel shall take the lead in the parties' preparation of a Joint Initial Status Conference Report, pursuant to the Court's instructions on Pages 2 and 3 of the Court's Initial Status Conference Order. The parties shall file an original and one "courtesy" copy of the Joint Initial Status Conference Report directly in Department CCW-311, on or before October 10, 2008.

The Court will make a Status Conference Agenda available on the court's website (www.lasuperiorcourt.org) prior to the Initial Status Conference.

Page    1 of    3    DEPT. 311

| MINUTES ENTERED 08/13/08 COUNTY CLERK |
|---|

## SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES

| | |
|---|---|
| DATE: 08/13/08 | DEPT. 311 |
| HONORABLE Carl J. West          JUDGE | R. Rully          DEPUTY CLERK |
| HONORABLE                  JUDGE PRO TEM | ELECTRONIC RECORDING MONITOR |
| S. Zuckerman, C.A.     Deputy Sheriff | NONE          Reporter |

| | |
|---|---|
| BC394521 | Plaintiff Counsel |
| LAURA CEBALLOS | **NO APPEARANCES** |
| VS | Defendant |
| FUZE BEVERAGE LLC ET AL | Counsel |
| DEEMED COMPLEX (07-28-08) | |

**NATURE OF PROCEEDINGS:**

CLERK'S CERTIFICATE OF MAILING/
NOTICE OF ENTRY OF ORDER

I, the below named Executive Officer/Clerk of the
above-entitled court, do hereby certify that I am not
a party to the cause herein, and that this date I
served the above Minute Order of August 13, 2008, and
the Court's Initial Status Conference Order of August
12, 2008, upon Plaintiffs' counsel named below by
depositing in the United States mail at the courthouse
in Los Angeles, California, one copy of each of the
originals, in a separate sealed envelope for each,
addressed as shown below, with postage prepaid, as
well as by electronic mail transmissions to the
electronic mail addresses of counsel set forth below.


Date: 8/13/08

John A. Clarke, Executive Officer/Clerk


By: _____
                R. Rully

Page   2 of  3    DEPT. 311

MINUTES ENTERED
08/13/08
COUNTY CLERK

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES

DATE: 08/13/08

HONORABLE Carl J. West    JUDGE

HONORABLE                 JUDGE PRO TEM

S. Zuckerman, C.A.    Deputy Sheriff

DEPT. 311

R. Rully    DEPUTY CLERK

ELECTRONIC RECORDING MONITOR

NONE    Reporter

BC394521

LAURA CEBALLOS
VS
FUZE BEVERAGE LLC ET AL

DEEMED COMPLEX (07-28-08)

Plaintiff Counsel

Defendant Counsel

**NO APPEARANCES**

NATURE OF PROCEEDINGS:

Wayne S. Kreger, Esq.,
Peter J. Farnese, Esq.,
MILSTEIN, ADELMAN & KREGER, LLP,
2800 Donald Douglas Loop North,
Santa Monica, CA,
90405

wkreger@maklawyers.com
pfarnese@maklawyers.com

Page    3 of  3    DEPT. 311

MINUTES ENTERED
08/13/08
COUNTY CLERK

1

2

ORIGINAL FILED

3

AUG 12 2008

4

LOS ANGELES

5

SUPERIOR COURT

6

7

8          SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES

9

10   LAURA CEBALLOS, individually and on      )   Case No.: BC394521
     behalf of all others similarly situated,    )
11                                               )   INITIAL STATUS CONFERENCE ORDER
                                                 )   (COMPLEX LITIGATION PROGRAM)
12            Plaintiff,                          )   Case assigned for all purposes to
           vs.                                   )    Judge Carl J. West
13                                               )
     FUZE BEVERAGE, LLC, a Delaware              )
14   Limited Liability Company; LANCE            )   Department:    311
     COLLINS; and DOES 1-100, inclusive,         )   Date:          October 15, 2008
15                                               )   Time:          1:30 p.m.
                                                 )
16            Defendants.                        )
                                                 )
17                                               )
                                                 )
18                                               )
                                                 )
19   ------------------------------------------

20

21

22          This case has been assigned for all purposes to Judge Carl J. West in the Complex

23   Litigation Program. An Initial Status Conference is set for October 15, 2008 at 1:30 p.m., in

24   Department 311 located in the Central Civil West Courthouse at 600 South Commonwealth

     Avenue, Los Angeles, California 90005. Counsel for all parties are ordered to attend.
25

Prior to the Initial Status Conference, Counsel for all parties are ordered to meet and confer in person (no later than 15 days before the Conference) and discuss the following areas. Additionally, counsel shall be prepared to discuss these issues with the Court at the Initial Status Conference.

1.  Consideration of any issues of recusal or disqualification;

2.  Issues of law that, if considered by the court, may simplify or further resolution of the case;

3.  Appropriate alternative dispute resolution (ADR) mechanisms (e.g., mediation, mandatory settlement conference, arbitration, mini-trial, etc.);

4.  A plan for preservation of evidence and a uniform system for identification of documents throughout the course of this litigation;

5.  A plan for document disclosure/production and additional discovery; which will generally be conducted under court supervision and by court order;

6.  Whether it is advisable to address discovery in phases so that information needed to conduct meaningful ADR is obtained early in the case (Counsel should consider whether they will stipulate to limited merits discovery in advance of certification proceedings), allowing the option to complete discovery if the ADR effort is unsuccessful;

7.  Any issues involving the protection of evidence and confidentiality;

8.  The handling of any potential publicity issues;

Counsel for plaintiff is to take the lead in preparing a Joint Initial Status Conference Report to be filed five court days prior to the Initial Status Conference. The Joint Initial Status Conference Report is to include the following:

1.  A statement as to whether additional parties are likely to be added and a proposed date by which all parties must be served;

2. Service list (service list should identify all primary and secondary counsel, firm names, addresses, telephone numbers, email addresses and fax numbers for all counsel). The Court will issue an Order requiring electronic service. Counsel are to advise the Court regarding their preferred web-based electronic service provider at the time of the conference;

3. A description of all discovery completed to date and any outstanding discovery as of the date of the conference;

4. Applicability and enforceability of arbitration clauses, if any;

5. A list of all related litigation pending in other courts, a brief description of any such litigation, and a statement as to whether any additional related litigation is anticipated;

6. A description of core factual and legal issues—the parties should address any specific representations or advertising materials relied upon by Plaintiff;

7. The parties' tentative views on an ADR mechanism and how such mechanism might be integrated into the course of the litigation;

8. Whether discovery should be conducted in phases or limited; and if so, the order of phasing or types of limitations of discovery (the parties should address the issue of limited merits discovery in advance of class certification motions);

9. A plan for approaching the discovery of electronically stored information.

   To the extent the parties are unable to agree on the matters to be addressed in the Joint Initial Status Conference Report, the positions of each party or of various parties shall be set forth separately and attached to this report as addenda. The parties are encouraged to propose, either jointly or separately, any approaches to case management that they believe will promote the fair and efficient handling of this case. The Court is particularly interested in identifying

1   potentially dispositive or significant threshold issues the early resolution of which may assist in

2   moving the case toward effective ADR and/or a final disposition.

3

4        A copy of the Court's Guidelines for Motions relating to Class Certification is attached to

5   this Order. The Court may set a briefing schedule for Plaintiff's class certification motion at the

6   time of the conference.

7

8        Pending further order of this Court, and except as otherwise provided in this Initial Status

9   Conference Order, these proceedings are stayed in their entirety. This stay shall preclude the

10  filing of any answer, demurrer, motion to strike, or motions challenging the jurisdiction of the

11  Court; however, any defendant may file a Notice of Appearance for purposes of identification of

12  counsel and preparation of a service list. The filing of such a Notice of Appearance shall be

13  without prejudice to any challenge to the jurisdiction of the Court, substantive or procedural

14  challenges to the Complaint, without prejudice to any affirmative defense, and without prejudice

15  to the filing of any cross-complaint in this action. This stay is issued to assist the Court and the

16  parties in managing this "complex" case through the development of an orderly schedule for

17  briefing and hearings on procedural and substantive challenges to the complaint and other issues

18  that may assist in the orderly management of these cases. This stay shall not preclude the parties

19  from continuing to informally exchange documents that may assist in their initial evaluation of

20  the issues presented in this case, however shall stay all outstanding discovery requests.

21

22       Service of the summons and complaint on all named defendants is to be completed within

23  twenty (20) days of the date of this order.

24

25

1    Plaintiff's counsel is directed to serve a copy of this Initial Status Conference Order on

2    counsel for all parties, or if counsel has not been identified, on all parties, within twenty (20)

3    days of service of this order.

4

5    Dated: August 12, 2008

6                                          CARL J. WEST

7                                          _____
                                           Carl J. West, Judge of the Superior Court

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

PROOF OF SERVICE

STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

I am employed in the County of LOS ANGELES, State of CALIFORNIA. I am over the age of 18 and not a party to within action; my business address **2800 Donald Douglas Loop North, Santa Monica, California 90405.**

On August 26, 2008, I served the foregoing documents described as:

**NOTICE OF ORDER SETTING INITIAL STATUS CONFERENCE**

**LAURA CEBALLOS v. FUZE BEVERAGE, LLC, ET AL.**
**CASE NO.: BC394521**

on interested parties in this action by successfully transmitting via U.S. mail to the offices of

[See attached service list]

xxxx    (BY FEDEX) I caused such envelopes with postage thereon fully prepaid to be placed in the United States mail at Santa Monica, California.

Executed on August 26, 2008 at **Santa Monica, California.**

------    (By Facsimile) I caused such documents to be successfully transmitted via electronic mail to the offices of the above addresses.

------    (By Personal Service) I caused such envelope to be hand delivered to the offices of the addressees.

xxxx    (STATE) I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

------    (Federal) I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

Lily Puleo

<u>Laura Ceballos v. Fuze Beverage, LLC, et al.</u>
*Superior Court of California, Los Angeles; Case No. BC394521*
**Service List**

| | |
|---|---|
| Agent for Service of Process<br>**FUZE BEVERAGE LLC**<br>Corporation Service Company<br>2711 Centerville Road, Suite 400<br>Wilmington, DE 19808 | David F. McDowell<br>**MORRISON & FOERSTER**<br>555 West Fifth Street, Suite 3500<br>Los Angeles, CA 90013-1024<br><br>Telephone: (213) 892-5200<br>Facsimile: (213) 892-5454<br>dmcdowell@mofo.com<br><br>*Courtesy Copy* |

1  **MILSTEIN, ADELMAN & KREGER, LLP**
   Wayne S. Kreger, State Bar No. 154759
2  wkreger@maklawyers.com
   Peter J. Farnese, State Bar No. 251204
3  pfarnese@maklawyers.com
   2800 Donald Douglas Loop North
4  Santa Monica, California 90405
   Telephone: (310) 396-9600
5  Fax: (310) 396-9635

6  Attorneys for Plaintiff,
   Laura Ceballos
7

8              SUPERIOR COURT FOR THE STATE OF CALIFORNIA

9                   FOR THE COUNTY OF LOS ANGELES

10

11  LAURA CEBALLOS, individually and on behalf )   Case No. BC 394521
    of all others similarly situated,           )
12                                              )   **CLASS ACTION**
                    Plaintiffs,                 )
13                                              )
            vs.                                 )   **NOTICE OF PROOF OF PERSONAL**
14                                              )   **SERVICE**
    FUZE BEVERAGE, LLC, a Delaware Limited      )
15  Liability Company; LANCE COLLINS, an        )   Department: 311 – Central Civil West
    individual; and DOES 1 through 100, inclusive, )
16                                              )   Judge: Hon. Carl J. West
                    Defendants.                 )
17                                              )   Complaint Filed: July 16, 2008
                                                )
18                                              )
                                                )
19                                              )

20

21  Attached hereto is the Plaintiffs' Proof of Service for the following Defendant:

22      1.  LANCE COLLINS.

23

24  Dated: September 15, 2008              Respectfully submitted,

25                                         **MILSTEIN, ADELMAN & KREGER LLP**

26                                         By: _____
27                                             Wayne S. Kreger
                                               Attorneys for Plaintiffs and the Class
28

                                    1
                    **PROOF OF PERSONAL SERVICE**

| ATTORNEY OR PARTY WITHOUT ATTORNEY(Name, State Bar number, and address): | FOR COURT USE ONLY |
|---|---|
| Wayne S. Kreger (SBN 154759)<br>MILSTEIN, ADELMAN & KREGER ,LLP<br>2800 Donald Douglas Loop N.<br>Santa Monica, CA  90405<br>TELEPHONE NO.: (310) 396-9600<br>ATTORNEY FOR (NAME):    Laura Ceballos | |

| SUPERIOR COURT OF CALIFORNIA COUNTY OF Los Angeles | |
|---|---|
| STREET ADDRESS:  111 N. Hill St. | |
| MAILING ADDRESS:  111 N. Hill St. | |
| CITY AND ZIP CODE: Los Angeles, CA  90012 | |

| PLAINTIFF:   LAURA CEBALLOS | CASE NUMBER: |
|---|---|
| | BC 394521 |
| DEFENDANT: FUZE BEVERAGE, LLC., et al. | |
| PROOF OF SERVICE OF SUMMONS | Ref. No.. or File No. |

(Separate Proof of service is required for each party served)

1. At the time of service I was at least 18 years of age and not a party to this action.

2. I served copies of the SUMMONS AND COMPLAINT; CIVIL CASE COVER SHEET; CIVIL CASE COVER SHEET ADDENDUM AND STATEMENT OF LOCATION; NOTICE OF CASE MANAGEMENT CONFERENCE; DECLARATION REGARDING VENUE; AND ADR PACKET

3.    a. Party served (specify name of party as shown on documents served):

　　　LANCE COLLINS, an individual

　　b. Person served: other (specify name and relationship to the party named in item 3a):

　　　JOHN PETRIZZO, CFO, person in charge

4.    Address where party was served: 140 Sylvan Ave., 3rd Fl., Englewood Cliffs, NJ  07632

5. I served the party:
　　b. by substituted service. On (date): 9/4/08 (2) at (time): 12:13 p.m. I left the documents listed in item 2 with or in the presence of (name and title or relationship to the party named in item 3b):

　　　JOHN PETRIZZO, CFO, person in charge

　　(1) (business) a person at least 18 years of age apparently in charge at the office or usual place of business of the person being served. I informed him or her of the general nature of the papers.

　　(4) I there after mailed (by first class postage prepaid) copies of the documents to the person to be served at the place where the copies were left (CCP 415.20). I mailed the documents on (date): 9/6/08 from (city): Los Angeles

　　(5) I attach a declaration of diligence stating actions taken first to attempt personal service.

7.  Person who served papers:
　　a. Name:    James Reep
　　b. Address: STAR SERVICES, INC., 10642 Santa Monica Blvd., Suite 206, Los Angeles, CA  90025
　　c. Telephone number: (310) 475-3626
　　d. The fee for service was: $205.00
　　e. I am:
　　　　(1) Not a registered California process server:
8. I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

DATED: September 9, 2008

　　　　　　　　　　　　　　　　　　(SIGNATURE)

Code of Civil Procedure 417.10

**PROOF OF SERVICE OF SUMMONS**

| ATTORNEY OR PARTY WITHOUT ATTORNEY(*Name, State Bar number, and address*): | FOR COURT USE ONLY |
|---|---|
| Wayne S. Kreger (SBN 154759)<br>MILSTEIN, ADELMAN & KREGER ,LLP<br>2800 Donald Douglas Loop N.<br>Santa Monica, CA  90405<br>**TELEPHONE NO.:** (310) 396-9600<br>ATTORNEY FOR (NAME):    Laura Ceballos | |

| SUPERIOR COURT OF CALIFORNIA COUNTY OF Los Angeles | |
|---|---|
| STREET ADDRESS:  111 N. Hill St.<br>MAILING ADDRESS:  111 N. Hill St.<br>CITY AND ZIP CODE: Los Angeles, CA  90012 | |

| PLAINTIFF:   **LAURA CEBALLOS**<br><br>DEFENDANT: **FUZE BEVERAGE, LLC., et al.** | CASE NUMBER:<br><br>BC 394521 |
|---|---|
| **DECLARATION DUE DILIGENCE** | Ref. No.. or File No. |

I am and was on the dates herein mentioned, over the age of eighteen years and not a party to the action. I received the within process of service on or about August 29, 2008, and after due diligent effort I have been unable to effect personal service on the within named: **LANCE COLLINS**

Business Address:                    140 Sylvan Ave., 3rd Fl., Englewood Cliffs, NJ  07632

Date and Time:                  Reason for Non-Service:
8/29/08 at 11:45 a.m.        Service was attempted at subjects work. Per the person in
                                       charge, he is out of the office until September 3rd.

9/3/08 at 11:20 a.m.          Service was attempted at subjects work. Per the person in
                                       charge, he is not in the office.

9/4/08 at 12:13 p.m.          Service was attempted at subjects work. Per the person in
                                       charge, he is not in the office.

Fee for Service:                 $15.00

Person Serving is:      Not a registered California process server
                               Name, address, telephone number, county of registration and registration number:

                               James Reep
                               STAR SERVICES, INC.
                               10642 Santa Monica Blvd., Suite 206
                               Los Angeles, CA 90025
                               (310) 475-3626
                               Los Angeles County Number 2837
                               Registration Expires: 02/11/10

       I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

DATED: September 9, 2008

_____
(SIGNATURE)

**DECLARATION OF DUE DILIGENCE**

Code of Civil Procedure 417.10

PROOF OF SERVICE

STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

I am employed in the County of LOS ANGELES, State of CALIFORNIA. I am over the age of 18 and not a party to within action; my business address **2800 Donald Douglas Loop North, Santa Monica, California 90405.**

On September 15, 2008, I served the foregoing documents described as:

**NOTICE OF PROOF OF PERSONAL SERVICE**

**LAURA CEBALLOS v. FUZE BEVERAGE, LLC, ET AL.**
**CASE NO.: BC394521**

on interested parties in this action by successfully transmitting via U.S. mail to the offices of:

[See attached service list]

xxxx    (BY MAIL) I caused such envelopes with postage thereon fully prepaid to be placed in the United States mail at Santa Monica, California.

Executed on September 15, 2008 at **Santa Monica, California.**

------    (By Facsimile) I caused such documents to be successfully transmitted via electronic mail to the offices of the above addresses.

------    (By Personal Service) I caused such envelope to be hand delivered to the offices of the addressees.

xxxx    (STATE) I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

------    (Federal) I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

Lily Pulec

1

## Laura Ceballos v. Fuze Beverage, LLC, et al.
*Superior Court of California, Los Angeles; Case No. BC394521*
### Service List

| | |
|---|---|
| Agent for Service of Process<br>**FUZE BEVERAGE LLC**<br>Corporation Service Company<br>2711 Centerville Road, Suite 400<br>Wilmington, DE 19808 | **LANCE COLLINS**<br>Fuze Beverage, LLC Headquarters<br>140 Sylvan Avenue, 3rd Floor<br>Englewood Cliffs, NJ 07632 |

# EXHIBIT 3

1   COOLEY GODWARD KRONISH LLP
    MICHELLE C. DOOLIN (179445)
2   mdoolin@cooley.com
    MAZDA K. ANTIA (214963)
3   mantia@cooley.com
    4401 Eastgate Mall
4   San Diego, CA  92121
    Telephone:  (858) 550-6000
5   Facsimile:   (858) 550-6420

6   Attorneys for Defendants
    FUZE BEVERAGE, LLC and LANCE
7   COLLINS

8                  UNITED STATES DISTRICT COURT

9                 CENTRAL DISTRICT OF CALIFORNIA

10

11  LAURA CEBALLOS, individually and      CASE NO.
    on behalf of all others similarly
12  situated,                             **DECLARATION OF JOHN
                                          PETRIZZO IN SUPPORT OF FUZE
13              Plaintiff,                 BEVERAGE, LLC'S PETITION
                                          FOR REMOVAL**
14       vs.

15  FUZE BEVERAGE, LLC, a Delaware
    Limited Liability Company; LANCE
16  COLLINS, an individual; and DOES 1
    thorough 100, inclusive,
17
                Defendants.
18

19

20

21

22

23

24

25

26

27

28

## DECLARATION OF JOHN PETRIZZO

I, John Petrizzo, declare:

1.      From March 2004 through the present I have been and am the Chief Financial Officer ("CFO") of Fuze Beverage, LLC ("FUZE"). The matters set forth herein are based on my own personal knowledge, except where otherwise stated. If called as a witness, I could and would testify competently to the matters set forth herein.

2.      FUZE is a limited liability company organized under the laws of the State of Delaware. FUZE maintains its corporate headquarters and principal place of business in Englewood Cliffs, New Jersey. FUZE conducts the vast majority of its business from this New Jersey office. FUZE has approximately 135 employees, approximately 40 of whom work in the Englewood Cliffs office, and the remainder of whom work, typically out of their homes, in approximately 45 states around the country, including California. FUZE does not maintain any offices in California.

3.      FUZE has been wholly-owned by The Coca-Cola Company (the "Company") since March 2007. The Company is incorporated in the State of Delaware and maintains its corporate headquarters in Atlanta, Georgia.

4.      In the course of performing my responsibilities as CFO, I am personally familiar with FUZE's practices for recording and maintaining information regarding its sales, shipments and revenues in the course of its regularly conducted business activities, and I have personally reviewed records of FUZE's historical sales, shipments and revenues for the time periods 2004 to the present.

5.      I understand that plaintiff contends that the putative plaintiff class is entitled to monetary recovery in this lawsuit measured by the amounts they paid at retail establishments for FUZE slenderize beverages over the course of the four years preceding the filing of the complaint in this action (*i.e.*, the alleged class period) and/or the revenues received by FUZE from the sale of such beverages over

- 1 -

1   the alleged class period. Without conceding the validity of these theories of
2   monetary liability, either of those alleged measures would significantly exceed – by
3   millions of dollars – $5 million. Based on FUZE's books and records regarding its
4   sales, shipments and revenues in the course of its regularly conducted business
5   activities during the alleged class period of July 18, 2004 to the July 17, 2008,
6   FUZE's revenues from the sale of FUZE Slenderize beverages to distributors,
7   bottlers and stores in California substantially exceeded $5 million, and I am
8   informed and believe that the vast majority of those beverages were purchased by
9   consumers residing in California. If the measure of alleged damages is the retail
10  price paid by California consumers, the figure would further exceed the "greater
11  than $5 million" in revenue to FUZE from its sales in California identified above
12  because FUZE of course does not receive all of the revenue from third party retail
13  sales of its products to California consumers.

14

15      I declare under penalty of perjury under the laws of the State of California
16  that the foregoing is true and correct. Executed this 30th day of September, 2008 at
17  Englewood Cliffs, New Jersey.

18

19                                          JOHN PETRIZZO
20

21

22

23

24

25

26

27

28

DECLARATION OF JOHN PETRIZZO I/S/O
PETITION FOR REMOVAL; CASE NO.